## WICKSON v. SERVICE MUT. INS. CO. OF TEXAS.

### No. 11175.

Court of Civil Appeals of Texas. San Antonio.

June 3, 1942.

Rehearing Denied July 1, 1942.

G. Woodson Morris, of San Antonio, for appellant.

Scott & Wilson, of Waco, for appellee.

MURRAY, Justice.

This is a Workmen's Compensation case in which S. O. Yarbrough and Geo. T. Reinhardt were the employers, L. M. Wickson the injured employee, and Service Mutual Insurance Company of 'Texas the insurance carrier.

A jury found, in response to the special issues submitted to them, among other things, that:

(1) L. M. Wickson sustained an injury to his back on or about January 17, 1941.

(2) Such injury was accidental.

(3) He sustained such injury in the course of his employment with S. A. Yarbrough and Geo. T. Reinhardt.

(4) He was incapacitated for work on said date on account of such injury.

(5) Such incapacity was not total.

(6) Such incapacity is a partial incapacity.

(7) Such partial incapacity is temporary.

(8) The percentage of such partial incapacity was seventy-five per cent.

(9) That such partial incapacity commenced upon January 17, 1941.

(10) The period of time of such partial incapacity will be ninety-two weeks.

(11) The average weekly wage of L. M. Wickson for the year before January 17, 1941, was $35.

There were other findings by the jury not necessary to mention here.

Based upon this verdict judgment was rendered in Wickson's favor in the sum of $15.75 per week for the period from January 17, 1941, to date of judgment, which was October 13, 1941, with interest at six per cent, and, further, for the sum of $15.75 per week for a period of fifty-three weeks from October 17, 1941, with interest on each of said weekly installments from the maturity date of each of same until paid.

From this judgment L. M. Wickson has prosecuted this appeal.

Appellant contends that there is no evidence to support the jury's answer to special issue No. 13, to the effect that appellant's incapacity was partial. The jury found, in response to special issue No. 5, that appellant's incapacity was not total. This answer of the jury is not attacked by appellant either in his motion for a new trial nor in his brief. If we should agree with appellant that there is no evidence to support the finding of partial incapacity then we would have a finding that appellant's incapacity was neither partial nor total. The burden of proof was upon appellant to show that his incapacity was total, and unless he could convince the jury of such fact by a preponderance of the evidence the jury very properly found that it was partial. The jury had found that he was incapacitated, and if it was not total it necessarily was partial. It is upon this theory that under the new court rules these two questions are authorized to be submitted in one disjunctive question. Rule 277, R. C. P. provides, among other things, as follows:

"For example, the court may, in a workmen's compensation case, submit in one question whether the injured employee was permanently or only temporarily disabled."

Certainly, the same thing is true as to total or partial incapacity.

In addition to what we have said above, we have examined the evidence and find that it supports the jury finding that appellant's incapacity was only partial. We overrule appellant's first, second, third and fourth points.

Appellant next contends that his average weekly wage should have been computed under subsection 3, of Section 1, of Article 8309, Vernon's Ann.Civ.Stats. It is clear that before an injured employee is entitled to have his average weekly wage computed under said subsection No. 3, he must plead and establish conclusively by the evidence, or by a finding of the trier of facts that his average weekly wage cannot properly be computed under subsections 1 and 2 of Section 1, of Art. 8309, supra. American Emp. Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26; National Ind. Underwriters of America v. Blevins, Tex.Civ.App., 129 S.W.2d 734.

Appellant did not show conclusively by the evidence that his average weekly wage could not be fixed under either subsections 1 or 2, nor did he elicit a finding from the jury to this effect. Therefore, he was not entitled to have his average weekly wage computed under subsection No. 3.

Appellant also contends that the evidence is insufficient to support the jury's findings to the effect that his average weekly wage, when computed under subsection 1 or 2 would be $35. If this contention be true then appellant has wholly failed to offer evidence and elicit findings sufficient to fix his average weekly wage at any sum greater than the statutory minimum wage of $7 per week. United Employers Casualty Co. v. Summerour, Tex.Civ.App., 151 S.W.2d 247; Art. 8306, § 10, Vernon's Ann.Civ.Stats. Inasmuch as appellant has received a judgment based upon an average weekly wage of more than $7 he will not here be heard to complain that there was no evidence entitling him to more than $7 per week.

The judgment is affirmed.