## FEDERAL UNDERWRITERS EXCHANGE v. ARNOLD.

### No. 4152.

Court of Civil Appeals of Texas. Beaumont. July 19, 1943.

Rehearing Denied Sept. 16, 1943.

Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Glen Faver and Joe J. Fisher, both of Jasper, for appellee.

O'QUINN, Justice.

This suit was filed by appellee in the district court of San Augustine County, Texas, to set aside an award of the Industrial Ac-

cident Board of the State of Texas, and to recover compensation for permanent total incapacity alleged by him to have resulted from an injury sustained by him in San Augustine County on April 2, 1942, while engaged in the course of his employment with San Augustine Manufacturing Company. He alleged that he sustained this injury in assisting a fellow employee in picking up a piece of pine timber 6x6 and 16 feet long, and that when they had the piece of timber up about waist high, his fellow employee dropped his end of the timber, causing plaintiff's end of the timber to jerk out of his hand and fall to the floor, severely wrenching his back and causing excruciating pains thereto constantly, completely disabling him from work and which condition, pain and suffering would be permanent.

The case was tried to a jury on special issues.

Upon the answers of the jury judgment was entered in favor of the plaintiff, appellee, in a lump sum for $2,684.30. We have the case on appeal.

Appellant's first point is: "This case should be reversed because of the error of the trial court in entering a judgment for plaintiff for permanent total incapacity for 401 weeks, and in a lump sum, based on the verdict and answers of the jury to Special Issues Nos. 5, 6, 6–A, 8, 10 and 11, such verdict and findings being in direct and irreconciliable conflict with the answers of the jury to special Issues Nos. 11–A and 12, finding the existence of permanent partial incapacity, and which destroyed the findings of permanent total incapacity."

Appellant's Point No. 5 reads: "Issue No. 5. Do you find from a preponderance of the evidence that said injury, if any you have found, sustained by Lewis Arnold resulted in total incapacity? Answer Yes or No." The jury answered: "Yes."

Issue No. 6 reads: "Do you find from a preponderance of the evidence that such total incapacity if any you have found, is permanent? Answer Yes or No." The jury answered: "Yes."

Issue No. 6–A reads: "Do you find from a preponderance of the evidence that such total incapacity, if any you have found sustained by Lewis Arnold will not be temporary?" The jury answered: "It will not be temporary."

Issue No. 8 reads: "From a preponderance of the evidence, when did that total incapacity, if any you have found, begin?" The jury answered: "April 2, 1942."

Issue No. 10 reads: "Do you find from a preponderance of the evidence that said injury, if any, sustained by Lewis Arnold resulted in any partial incapacity to work?" To which the jury answered: "No."

Issue No. 11 reads: "When do you find from a preponderance of the evidence said partial incapacity, if any you have found, began? Answer by stating the date, if any, or otherwise answer "None." The jury answered: "None."

Issue No. 11–A reads: "Do you find from a preponderance of the evidence that said partial incapacity, if any you have found, suffered by Lewis Arnold will not be temporary?" Answer: "It will not be temporary."

Issue No. 12 reads: "Do you find from a preponderance of the evidence that such partial incapacity for work, if any you have found, is permanent?" The jury answered: "Yes."

As before stated, it is contended by appellant that the jury's answers to these issues are in conflict to such extent as to make a reversal of the judgment imperative. We do not agree to this conclusion. It is insisted that Special Issue No. 5 found that the injury resulted in total incapacity, but that it was not submitted to the jury whether the injured party would suffer total incapacity at any time in the future, from the date of the trial. Special Issue No. 6 inquired specifically whether such total incapacity was permanent to which the jury answered "Yes." The insistence that all findings of total incapacity, that such total incapacity was permanent and that such total incapacity will not be temporary are not sufficient for in that they were only findings with reference to conditions of the past and so not of the future, are without weight. The answers were given by the jury to evidence of conditions then existing and were given the weight allowed by well established rules of law and evidence.

In answering Special Issue No. 10, the jury found that no partial incapacity to work resulted from the injury suffered by the injured party, appellee. It is complained that no inquiry as to whether such injury (partial incapacity) would or would not result in the future. No such issue was given nor was there any request for same. It is specifically contended that special issues

Nos. 5, 6, 6–A, 8, 10, and 11 and the jury's findings thereon are in direct conflict with the answers of the jury given to issue 11–A and 12. We do not believe that the contention is well taken. In answer to properly worded issues the jury found that appellee suffered physical injuries which resulted in his total incapacity to work (Issue 5); that his total incapacity was permanent (Issue 6); that said total incapacity would not be temporary (Issue 6–A); that said total incapacity began April 2, 1942, the day he received his injury; that the injury suffered by appellee did not result in any partial incapacity to work (Issue 10); that, in answer to Issue 11, inquiring: "When do you find from a preponderance of the evidence said partial incapacity, if any you have found, began," the jury answered "None," meaning no partial incapacity resulted.

Issue No. 11–A inquired: "Do you find from a preponderance of the evidence that said partial incapacity, if any you have found, suffered by Lewis Arnold will not be temporary? Answer: 'No partial incapacity suffered,' or answer 'It will not be temporary' or answer, 'It will be temporary.'" The jury answered: "It will not be temporary."

■ It will be noticed that the issue inquired whether the "said partial incapacity, if any you have found," etc. The question refers to said partial incapacity, indicating that partial incapacity had already by preponderance of the evidence been found. This was not correct. The jury, in answer to No. 10, reading: "Do you find from a preponderance of the evidence that said injury, if any, sustained by Lewis Arnold resulted in any partial incapacity to work?" answered "No," thus plainly saying no partial incapacity had been sustained. If no partial incapacity had been sustained, certainly none could have been found. The findings by the jury of total permanent incapacity, and the further finding that appellee suffered no partial incapacity, and then later found that appellee's partial incapacity was permanent, under these findings of the existence of total incapacity and the non-existence of partial incapacity were the ultimate and controlling issues involved. The trial court, we think, should have reconciled the verdict and rendered judgment in keeping with the findings of the jury. In other words when the jury found that there was no partial incapacity, then a finding of any degree or per cent of partial incapacity, while implying the existence of par-

tial incapacity is immaterial and becomes of no probative force, such answers should be reconciled with the answers of the jury to the other issues as found by the jury. There is no merit in the contention and same is overruled.

Appellant's Second Point is without merit and is overruled.

Appellant's Third Point complains that the court erred in rendering judgment in favor of appellant for a lump sum judgment because "there being no evidence to support such finding."

We have carefully considered the record and believe the verdict of the jury has sufficient support. The assignment is overruled.

From a careful consideration of the whole record, we think the judgment should be affirmed, and it is so ordered.

Affirmed.