**TRADERS & GENERAL INS. CO. v. LITTLE et al.**

No. 4418.

Court of Civil Appeals of Texas. El Paso.

March 22, 1945.

Rehearing Denied April 19, 1945.

Lea & Edwards, of El Paso, for appellant.

Chaney & Davenport, of Dallas, and Cunningham, Ward & Cunningham, of El Paso, for appellee.

McGILL, Justice.

This is a workman's compensation case. Appellant's statement of the nature of the case is admirable for its clarity and brevity and is accepted by appellee as correct. We shall adopt it literally.

Appellant, Traders & General Insurance Company, as plaintiff, sued appellee, George O. Little, in the Forty-first District Court of El Paso County to set aside an award of the Industrial Accident Board of Texas in favor of Little, who on his cross action recovered a judgment against the company for total permanent disability, and this appeal results.

By its points Nos. 1 and 2, appellant complains of the manner of submission of appellee's total or partial incapacity as set forth in Special Issue No. 4 and of his permanent or temporary incapacity as set forth in Special Issue No. 5 because such did not constitute an unconditional submission of partial and temporary incapacity to which it was entitled. These issues and the answers thereto are as follows:

"Special Issue No. Four. Do you find from a preponderance of the evidence that defendant's said incapacity to labor, if any you have found, was 'total' or 'partial'?

"Answer by the use of the word 'total' or by the use of the word 'partial'. If you find from a preponderance of the evidence that the said incapacity to labor, if any is total, answer 'total', but unless you so find from a preponderance of the evidence, answer by the use of the word 'partial'.

"We answer Total

"Special Issue No. Five. Do you find from a preponderance of the evidence that defendant's incapacity to labor was 'permanent' or 'temporary'?

"Answer by the use of the word 'permanent' or by the use of the word 'temporary'. If you find from a preponderance of the evidence that said incapacity to labor was permanent answer 'permanent' but unless you so find from the preponderance of the evidence, answer by the use of the word 'temporary'.

"We answer Permanent"

The only objection to Special Issue No. 4 was that it was not an unconditional submission of the issues of total and partial incapacity and the only objection to Special Issue No. 5 urged on this appeal was that it was not an unconditional submission of permanent and temporary incapacity. Appellant alleged that appellee's "injuries are only partial and his disability, if any, is only temporary". A conditional submission of partial or temporary disability when properly pleaded as a defense and raised by the evidence, has been repeatedly condemned by our Supreme Court. Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314; Federal Underwriters Exchange v. Lynch, 140 Tex. 516, 168 S.W. 2d 653.

■ In Southern Underwriters v. Schoolcraft, 138 Tex. 323, 158 S.W.2d 991, the court declined to pass on the question of whether issues similar to Special Issues Nos. 4 and 5 amounted to conditional submissions, holding that the objections thereto did not raise such question. No doubt the Supreme Court had this case in mind when it adopted that portion of Rule 277, Texas Rules of Civil Procedure, which provides that:

" * * * The court may submit disjunctively in the same question two inconsistent issues where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exists. For example, the court may, in a workman's compensation case, submit in one question whether the injured employee was permanently or only temporarily disabled."

To illustrate the meaning of the rule, the example of an issue of permanent or temporary disability is given. The issue of total or partial incapacity might also have been given. Wickson v. Service Mutual Insurance Co., Tex.Civ.App., 163 S.W.2d 668, Writ Refused Want of Merit. Therefore, since the rule specifically provides for this manner of submission of these issues, if such manner of submission does violate the rule enunciated in the decisions above cited, condemning conditional submission, such rule was modified by Rule 277, at least as to the issues of total or partial incapacity and permanent or temporary incapacity in workmen's compensation cases. If this were not so, the specific authorization for this manner of submission, incorporated in Rule 277, (see also Commentaries on Rule 277, Vernon's Texas Rules of Civil Procedure, Franki, page 285 et seq.) would be meaningless. Under Rule 277, we have no doubt that the issues of appellee's partial and temporary incapacity were properly submitted.

■ Point No. 3 is to effect that, since the jury failed to answer Special Issues Nos. 6 to 10, their answers to Special Issues Nos. 1 to 5 were not sufficient to support the judgment rendered. Special Issues Nos. 6 to 10 relate to the termination of temporary total disability, the degree and duration of partial incapacity thereafter, and the degree and duration of temporary incapacity. The jury having found in answers to Special Issues Nos. 4 and 5 that the incapacity was total and permanent, answers to Special Issues Nos. 6 to 10 became immaterial. Appellant's affirmative defenses of partial and temporary incapacity were submitted as provided by Rule 277 and having been determined adversely to it by answers to Special Issues Nos. 4 and 5, any attempt to answer Special Issues Nos. 6 to 10 could only have tended to confuse the jury and possibly would have led to conflicting answers. The answers to Special Issues Nos. 1 to 5 finding in substance that appellee sustained an accidental injury on the date alleged in the course of his employment, from which he suffered immediate incapacity which was total and permanent, together with the agreed rate of compensation, were sufficient to form the basis of the judgment rendered without any answers to Special Issues Nos. 6 to 10. Wickson v. Service Mutual Insurance Co., supra.

Points Nos. 4 and 5 assign error in the trial court's failure to grant appellant a new trial because of prejudicial portions of the closing argument of appellee's counsel. Appellee alleged that the accident by reason of which he received injuries to his back and spine, consisting of a ruptured intervertebral disc between the last lumbar and the top of the sacrum occurred on July 11, 1942; that he was returning from El Paso where he had been for the purpose of investigating a claim for his employer, the Mutual Benefit Health & Accident Association, to Big Spring, where he had left his automobile; that he purchased a railroad ticket on the Texas & Pacific Railroad and entered the passenger car furnished for pas-

sengers and had proceeded from the platform of said car on his way back to his berth, when he tripped over some luggage in the narrow passageway by the men's washroom caused by an unusual and sudden jerk of the train, which threw him into a forward twisted position. He testified that "there was a lot of luggage and baggage, duffle bags, and little grips" scattered along the aisle; that just as he had gotten almost down to the end of the aisle, the train made a sudden lunge or jerk, which knocked him forward and his feet being tangled in the baggage, he could not catch himself; that as he was walking through the aisle, by the washroom, he saw the porter standing at the linen closet which was to his right. To illustrate this situation, he drew a sketch showing the aisle, the corner of the washroom and the linen closet, which was introduced in evidence. His testimony as to baggage being in the aisle and as to the car jerking at the time in question was sharply controverted by the testimony of the conductor. The porter testified that he was not on the car at the relevant time.

■ It was appellant's contention that since the sketch, (which is very roughly drawn) shows a square corner of the aisle and washroom, appellee, while walking through the aisle, before reaching the corner, could not have seen the porter standing before the linen closet to his right. The material portion of the argument here complained of with reference to this corner is:

" * * * You know one thing he forgot to tell you—this is rounded here. It is not a square corner. That is one thing he forgot to tell you. This is a rounded corner. * * * Why, you men know how these Pullman places are constructed if you have ever been on a train, and you know that end is round. * * *."

The objection was that counsel was testifying and undertaking to explain matters from his experience rather than the evidence. Whereupon, appellee's counsel said: "To save argument, I will withdraw it." Appellant did not request the court to instruct the jury to disregard the argument. This argument, though improper, was not so prejudicial that any harm which may have resulted therefrom could not have been cured by an instruction. Indeed, it may be questioned whether it was prejudicial at all. Appellee testified that he saw the porter at the time

the car jerked. From his testimony and the sketch introduced in evidence, it appears that at this time, he was just about at the corner of the aisle and the wash room; that he grabbed the drinking faucet to keep from falling to the floor; that the porter went back into the car as he went forward when the train jerked. Viewing his testimony as a whole, he may have seen the porter as the car jerked, whether the corner in question was square or round. Appellant having failed to request an instruction that the argument be disregarded, it waived the error. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054, at page 1056, par 7.

■ On cross examination, appellant had elicited from appellee the fact that he was receiving payments amounting to approximately $5400 annually from other insurance companies on other accident policies for the same injury for which he was suing. A portion of the argument complained of is:

"I want to say to you that Little's testimony was investigated not only by that insurance company (referring to appellant) but by all of them."

On objection that there was no evidence "on that", the court instructed the jury not to consider the statement for any purpose. Appellant does not specifically complain of this portion of the argument by any of its points, but does complain of it in its argument under point No. 4. It did not complain of it in its amended motion for a new trial. If such was error, the error was waived. Rule 374, Rules of Civil Procedure; Texas & N. O. R. Co. v. McGinnis, 130 Tex. 338, 109 S.W.2d 160.

■ Other portions of the cross examination were as follows:

"Q. How much are you figuring on suing the T. & P. Railroad for? A. I have not thought.

"Q. $25,000.00, $50,000.00, $75,000.00 or $100,000.00? A. I have not given it a thought. * * *

"Q. But your idea is to sue the T. & P.? A. I have a lot of expenses on this.

"Q. You are intending to sue the T. & P.? A. I imagine I will."

The argument complained of was:

"Mr. Edwards was asking George about making claims against the railroad or Pullman company. I do not know, maybe

they are interested in that too. Another thing, George told you on the stand that the Traders & General Insurance Company is subrogated to the right of the defendant Little against the Railroad Company for any amount that Little may recover here."

Whereupon appellant's counsel approached the bench and moved the court to declare a mistrial on the ground that such argument was so prejudicial that it could not be cured by an instruction. This motion was overruled and appellant excepted. The court then instructed the jury not to consider the argument of any subrogation or right of subrogation for any purpose.

The record does not reflect that Little testified to any right of subrogation. This argument was improper. Appellee seeks to justify it on the ground that appellant, by the above quoted cross examination, left the inference that he would be paid twice for his injuries and hence the argument was invited and was necessary to correct such erroneous impression. The evidence was admitted without objection. Its only conceivable relevancy could be its possible bearing on appellee's credibility and the genuineness of his claim. If it be conceded that the testimony did tend to create the erroneous impression of double payment, appellee could have protected himself therefrom by appropriate objection and request that its admission be limited as indicated. He did not do so. He thereby waived the erroneous impression that may have been left by its unlimited admission. The argument was prejudicial. The serious question is whether it was so prejudicial that it could not be cured by the court's instruction. It told the jury in substance that Little's testimony was (which it was not) that appellant in the event of recovery against it, would have the right to enforce Little's claim against the railroad company. This may have been a correct statement of the law. If so, the argument was thereby rendered nonetheless objectionable. There was no issue of subrogation in the case. It would have been error for the court to have so charged the jury. Of course, the issues in the suit by Little against the railroad company would be entirely different than the issues in his suit against the insurance carrier. In the former suit, questions of negligence and perhaps of contributory negligence would be involved. These questions could not arise in a workman's compensation case. Appellant asserts that the argument in effect told the jury that appellant would recover from the railroad whatever it would be required to pay. If it be conceded that it is subject to such construction, it does not follow, as contended by appellant, that it was the same as telling the jury that a defendant in a damage suit carries insurance, which has been held to be so prejudicial as to require a reversal even though the jury were instructed to disregard such argument. 33 Tex.Jur. Sec. 172, p. 279. The reason underlying the rule of these cases may be found in the following quotation from Kuntz v. Spence, Tex.Com.App., 67 S.W.2d 254, at page 256:

" * * * we judicially know that juries are much more apt to return a verdict for the injured party, and for a larger amount, if they know the loss is to ultimately fall on an insurance company."

Here the suit is against the insurance carrier. It may be that the jury in this case would have more readily returned a verdict against thhe insurance carrier than the railroad. This is a matter of pure conjecture. Some juries might do so while others might not. Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039.

We think the case of Ramirez v. Acker, supra, bears some analogy to the situation here presented. As we understand the Bill of Exception in that case, the argument there was in part that the plaintiff was not acting for himself and would in no way be benefited if the action resulted in his favor; that the suit was brought primarily for the benefit of the Stanolind Oil Company. It was held that the argument under "the peculiar facts involved" was of such a nature that if it had been objected to, a reprimand by the court to counsel for making it and an instruction to the jury to disregard it, would have rendered it harmless; that it was the duty of plaintiff's counsel to interpose an objection at the time the argument was made if it was desired to reserve exception to it, and that as this was not done, the exception was waived. The argument here complained of is in the same category. Appellant interposed no exception to the argument. It did except to the action of the court in overruling its motion to declare a mistrial. It took no exception to the form of in-

struction given by the court. It is not error to overrule a motion to declare a mistrial on account of improper argument where the argument is such that its harmful effect may be removed by proper instruction and no objection to the argument or request for an instruction that it be disregarded is made. This is especially true where the court on its own motion instructs the jury to disregard such argument.

With some hesitancy, we have reached the conclusion that the argument was not so prejudicial that its harmful effect could not have been cured by proper instruction; also that the court's instruction which was given rendered it harmless. The judgment is affirmed.