**TRADERS & GENERAL INS. CO.
v. BATSON.**

No. 2957.

Court of Civil Appeals of Texas.
Eastland.

Nov. 14, 1952.

Rehearing Dismissed Dec. 12, 1952.

Rountree, Renner & Snell, Lamesa, for appellant.

Bob Huff, Lubbock, for appellee.

COLLINGS, Justice.

This is a Workmen's Compensation suit brought by James L. Batson against the Traders & General Insurance Company. Based upon a jury verdict, judgment was rendered in favor of Batson and against the insurance company for compensation for total permanent disability. The company has brought this appeal.

Appellee Batson alleged in his petition as plaintiff that he suffered an accidental injury on December 2, 1950, which resulted in his total permanent incapacity and prayed judgment awarding him compensation therefor, or in the alternative, that he have judgment for such extent and period of incapacity as he might show himself entitled to receive.

Appellant alleged that Batson's incapacity, if any, was partial and temporary only and had terminated. The jury, in answer to special issues submitted, found that appellee Batson did sustain the accidental injury alleged; that as a result thereof he sustained total incapacity; that such incapacity began on December 2, 1950 and that it was permanent. In answer to special issue No. 8 the jury found that Batson did not sustain any partial incapacity, and special issue No. 9 which inquired when such partial incapacity, if any, began was not answered. Special issue No. 10 which inquired concerning the duration of such partial incapacity, if any, was answered "permanent." After the verdict had been returned and before the jury was discharged, the court gave the following supplemental charge to the jury:

"Gentlemen of the Jury: You are further instructed in connection with the charge heretofore given you that if Special Issue No. 8 is answered 'Yes' then you should answer Special Issue No. 10, but unless Special Issue No. 8 is answered 'Yes' you should not answer Special Issue No. 10.

"The Court is not indicating to you how you should answer any Special Issue in the charge."

Appellant objected to the submission of the above additional charge on the ground that it informed the jury of the kind of answers needed to be given in order to render a verdict for plaintiff, and also filed a motion for mistrial which was overruled by the court. After the additional charge was read and the jury retired to consider same, they again returned and indicated to the court through their foreman, that there was a misunderstanding concerning special issue No. 10. The court then advised the

jury that the charge would be left as it was originally and that the supplemental instruction should be disregarded. Thereupon, appellant again moved for a mistrial which was overruled by the court.

In the only point presented, it is contended that the court erred in overruling appellant's motion for a mistrial and in entering judgment on the verdict of the jury because the verdict was insufficient upon which to enter any judgment in that the jury found in answer to special issue No. 10, inquiring as to the duration of the partial incapacity, if any, of appellee, that such partial incapacity was "permanent" and that such answer was in conflict with answers to other special issues which found appellee's incapacity to be total, and that there was no partial incapacity.

The controlling issues concerning the incapacity, if any, of appellee, were whether or not appellee sustained total incapacity for any length of time, the duration of such total incapacity, if any, and whether or not appellee had or would sustain any partial incapacity. The jury found that appellee did sustain total incapacity, found the date of the origin of such total incapacity and that it was permanent. The jury also found that appellee suffered no partial incapacity. The apparent conflict arises from the answer to special issue No. 10 to the effect that such partial incapacity, if any, was permanent. Issue No. 10 was unconditionally submitted and the jury evidently believed that such issue was required to be answered. In answer to special issue No. 8 the jury answered that appellee sustained no partial incapacity. The answer or the failure to answer special issue No. 10 inquiring as to the duration of such partial incapacity therefore became immaterial and could be properly disregarded. Under such circumstances the trial court was fully justified in reconciling the apparent conflict and in entering judgment for appellee upon the answers given to the controlling issues. Hartford Accident & Indemnity Co. v. Harris, Tex.Civ.App., 152 S.W.2d 857 (Writ Dis.),, and cases therein cited; Traders & General Ins. Co. v. Little, Tex. Civ.App., 188 S.W.2d 786; Federal Underwriters Exchange v. Arnold, Tex.Civ.App.,

173 S.W.2d 972; Postal Mut. Indemnity Co. v. Ellis, Tex.Civ.App., 161 S.W.2d 1114; Western Casualty Company v. De Leon, Tex.Civ.App., 148 S.W.2d 446.

 By cross assignment appellee seeks to invoke the provisions of Rule 438, Vernon's Texas Rules of Civil Procedure, which provides:

"Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing."

In our opinion, appellee's claim for the ten per cent penalty against appellant is not well taken. The point presented by appellant on this appeal is not so trivial and obviously devoid of merit as to warrant the construction that the appeal was not prosecuted in the hope of reversing the judgment but was frivolously perfected solely for the purpose of delay. Appellee's cross assignment is overruled.

The judgment of the trial court is affirmed.