TEXAS EMPLOYERS INSURANCE ASSOCIATION V. GERALD PATTERSON.

No. 647. Decided January 23, 1946.
Rehearing overruled February 27, 1946.
(192 S. W., 2d Series, 255.)

574

*Burford, Ryburn, Hincks & Charlton* and *Howard Jensen,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold that it was improper for the trial court to condition the special issues complained about, which did not embody a complete ground of recovery, upon a negative answer to another special issue. Southern Underwriters v. Boswell, 138 Texas 255, 158 S. W. (2d) 280; Wright v. Traders and Gen. Ins. Co., 132 Texas 172, 123 S. W. (2d) 314; Petroleum Casualty Co. v. Seale, 13 S. W. (2d) 364.

*White & Yarbrough,* of Dallas, for respondent.

The Court of Civil Appeals correctly held that it was improper to condition special issues 23-29 upon a negative answer to special issue 22. Fort Worth & D. C. Ry. Co. v. Burton, 158 S. W. (2d) 601; Reed v. James, 91 S. W. (2d) 946.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

Respondent Patterson in his suit against petitioner, his employer's insurer, alleges that his left hand was caught in a metal shaver, that the fingers, the hand and the arm were injured, and that as a result of the injuries he suffered the total and permanent loss of the use of the fingers and thumb and of the

hand and arm. The jury, in answer to issues relating to the loss of the use of the first, second and third fingers of the left hand, found that as a result of the injuries respondent suffered the total loss of the use of each of the three fingers for twelve weeks, and suffered partial loss of the use of each of the three fingers for twenty-six weeks, and that the percentage of the partial loss was fifty per cent. The trial court rendered judgment for respondent for $250.00, against which it credited $54.00 which had been paid.

On respondent's appeal the Court of Civil Appeals reversed the trial court's judgment and remanded the cause, holding that the trial court erred in refusing to submit affirmatively and unconditionally a series of special issues as to respondent's loss of the use of his left hand. 188 S. W. (2d) 778.

The case was appealed without a statement of facts. The petition alleges injury to the fingers and the hand and the total and permanent loss of the use of the hand, as well as of the fingers. No issue was submitted to the jury as to the fact of injury or where the injuries were. The first special issue is as follows:

"Do you find from a preponderance of the evidence that Plaintiff, Gerald Patterson, sustained the total loss of the use of the first or index finger on his left hand, for any length of time as a result of the injuries sustained by him on April 15th, 1943, while employed by the Texas Farm & Ranch Publishing Co. and Holland Magazine Company?"

This issue is followed by other issues inquiring whether the loss of the use of the finger was permanent or temporary, and if temporary, for how many weeks, whether there was a partial loss of the use of the finger, whether it was permanent or temporary, and if temporary, for how many weeks, and the percentage of the partial loss of use. Like issues were submitted as to the second and third finger.

These issues were followed by special issue No. 22, which is as follows:

"Do you find from a preponderance of the evidence that the result of the injury of April 15th, 1943, was limited to the fingers of plaintiff's left hand below the knuckles?"

After issue No. 22 and before issue No. 23 the jury is instructed that if it has answered issue No. 22 "Yes," it will not

answer issues numbered 23 to 29, and that otherwise, it will answer them. Special issue No. 23 is as follows:

"Do you find from a preponderance of the evidence that Plaintiff, Gerald Patterson, sustained the total loss of the use of his left hand for any length of time as a result of the injuries sustained by him while employed by Texas Farm & Ranch Publishing Company and Holland Magazine Co.?"

Issues 23 to 29, inclusive, relate to the loss of the use of the hand, whether permanent or temporary, total or partial, etc. Respondent filed written objection to issue No. 22 and to the instruction immediately following it "because the plaintiff is entitled to an unconditional submission of issues numbered 23 to 28 and 29 inclusive, and he is entitled to an affirmative jury finding thereon irrespective of any defensive issues raised by the defendant." Petitioner made no objection to the court's charge. The jury answered special issue No. 22 "Yes," and in accordance with the court's instruction did not answer issues 23 to 29.

■ Respondent's suit is for compensation for specific injuries under the provisions of Section 12 of Article 8306 of the Revised Civil Statutes of 1925. He seeks to recover for the total and permanent loss of the use of the fingers and of the hand. The fingers are parts of the hand, but the statute prescribes separately and definitely the amount of compensation to be paid for the loss of each of the fingers and the amount to be paid for the loss of the hand. It is provided that the permanent loss of the use of a member shall be equivalent to and shall draw the same compensation as the loss of that member. By construction compensation is allowed for temporary loss of use as well as for permanent loss of use of a member, and for partial as well as for total loss of use. Petroleum Casualty Co. v. Seale (Com. App.) 13 S. W. (2d) 364; Fidelity Union Casualty Co. v. Munday, (Com. App.) 44 S. W. (2d) 926.

■ In this case the court submitted no issue inquiring whether respondent was injured. The court's charge assumes that respondent suffered injury, for both the issues submitted as to loss of the use of the fingers and the issues submitted as to loss of the use of the hand inquire whether respondent "sustained" loss of the use of the finger or of the hand "as a result of the injuries sustained by him." No objection was made to the court's charge on the ground that it assumed that respondent suffered injuries and no request was made that the court submit to the jury the question whether respondent was injured. In these cir-

cumstances it is proper to assume that injury to respondent was proven by undisputed evidence.

It is apparent from the pleadings and the manner in which the case was submitted to the jury that on the trial the real or principal controversy between the parties was as to the result of the injuries. Findings that the injuries caused the loss of the use of the hand would be more favorable to respondent (the plaintiff) and support a greater recovery than would findings that the injuries caused merely the loss of the use of three of the fingers. It was to petitioner's (the defendant's) interest that the result of the injuries be confined by the jury's answers to the loss of the use of the fingers. Issues numbered 23 to 29, inclusive, as to the loss of the use of the hand, submitted to the jury respondent's principal theory of the case. They were raised by the pleadings and, for reasons hereinafter given, we assume that they were raised by the evidence in the case.

■ Respondent as plaintiff was entitled to have these issues, numbered 23 to 29, submitted to the jury affirmatively and unconditionally. They were not so submitted, but were conditioned on a negative answer to issue No. 22, which was: "Do you find from a preponderance of the evidence that the result of the injury of April 15, 1943, was limited to the fingers of plaintiff's left hand below the knuckles?" The issue quoted was a defensive issue, that is, defensive as against respondent's suit for compensation for the loss of the use of the hand. And thus the court, instead of submitting respondent's issues as to the loss of the use of his hand affirmatively and unconditionally, submitted them to be answered only on the condition that the jury answered in the negative defensive issue No. 22.

■ It is argued by petitioner that issue No. 22 is in substance the same as an issue inquiring whether the injuries caused the loss of the use of the hand. An affirmative answer to issue No. 22 does negative a loss of the use of the hand as distinguished from loss merely of the use of the three fingers, but the issue as submitted and as followed by the condition in the court's charge deprived respondent of the affirmative and unconditional submission of his issues as to the loss of the use of the hand. Each party, whether plaintiff or defendant, is entitled to the affirmative and unconditional submission of the issues presented by his pleadings as grounds of recovery or grounds of defense, provided, of course, there is evidence raising the issues. Fox v. Dallas Hotel Co., 111 Texas 461, 475, 240 S. W. 517; Walgreen-Texas Company v. Shivers, 137 Texas 493, 503, 154 S. W. (2d)

625; Oilbelt Motor Co. v. Hinton, 11 S. W. (2d) 338, 339; Snyder v. Magnolia Petroleum Co., 107 S. W. (2d) 603, 606-607; Dallas Ry. & Term. Co. v. Garrison (Com. App.) 45 S. W. (2d) 183, 185; Federal Underwriters Exchange v. Lynch, 140 Texas 516, 518, 168 S. W. (2d) 653; Southern Underwriters v. Samanie, 137 Texas 531, 540, 155 S. W. (2d) 359; Texas Indemnity Co. v. Thibodeaux, 129 Texas 655, 106 S. W. (2d) 268; 16 Texas Law Review, pp. 383, 386.

■ Petitioner takes the position that it was proper for the trial court to condition issues Nos. 23 to 29 upon a negative answer to issue No. 22, because issue No. 22 was a primary issue submitting the question of injury to respondent's hand and issues Nos. 23 to 29 were merely incidental to, or component parts of, a complete ground of recovery, and would become immaterial when the jury found that there was no injury of the hand. The fault in the argument is its erroneously assumed premises that issue No. 22 submitted the question of injury to the hand. It did not submit that question but submitted a question as to the effect or result of the injury or injuries. No issue was submitted making inquiry whether or not respondent was injured. The court's charge, in all of the issues, assumed that injury had been suffered by respondent.

Petitioner relies upon Lumbermen's Reciprocal Ass'n. v. Pollard (Com. App.) 10 S. W. (2d) 982, for authority that respondent is not entitled to compensation for loss of the use of his hand. In that case the jury found that the employee "had suffered a 75% disability to his right hand and a 65% disability to his right arm, and that each of these disabilities was permanent." The trial court rendered judgment, "based upon the disability to his hand, for 60% of his average weekly wages for a period of 150 weeks, and for the same rate for an additional 50 weeks, based upon the injury to his arm." It was held by this court that the employee was not entitled to compensation both for the loss of the use of the hand and for the loss of the use of the arm, because the court concluded that the use of the arm "was only impaired by reason of the injury to the hand." The trial court's judgment was reformed so as to affirm only the award of compensation for 150 weeks on account of the loss of the use of the hand. We understand the conclusion expressed in the court's opinion to mean that the impairment of the use of the arm was only in, and by reason of, the impairment of the use of the hand. Under the record before us in the instant case, the question whether compensation could be awarded both for the loss of the use of the fingers and for the loss of the use of the hand is not presented. Respondent in his petition seeks

recovery of compensation for the loss of the use of his hand, alleging that he suffered that loss as a result of his injuries, and, as we have held, he was entitled to a proper submission of the issues as to that loss.

■ We approve also the ruling of the Court of Civil Appeals that it is to be assumed by the appellate court that issues numbered 23 to 29 were raised by the evidence. This ruling is supported by the authorities cited in that court's opinion: Wagstaff v. North British & Mercantile Ins. Co., 88 S. W. (2d) 550, 552, and House v. Bracken, 130 S. W. (2d) 917. See also Shellhammer v. Caruthers, 99 S. W. (2d) 1054; Fidelity Union Fire Ins. Co. v. Pruitt (Com. App.) 23 S. W. (2d) 681, 683. In the Wagstaff case the court said: "Where no statement of facts has been filed, as in this case, the contentions are to be determined without reference to the evidence, and we must assume that the evidence was sufficient to go to the jury on the issues submitted by the trial court." Rule 277 makes it the duty of the court to submit the cause "upon special issues raised by the written pleadings and the evidence in the case." There being no statement of facts, we should assume from the action of the court in submitting issues numbered 23 to 29 that there was evidence sufficient to authorize their submission. Had there not been such evidence the trial court would not have submitted them.

■■ In our opinion, the assumption that there was evidence raising the issues submitted by the court to the jury is not, as petitioner contends, the application of a doctrine of presumed error. The trial court's error in submitting the issues conditionally is apparent on the face of the record. Petitioner argues that the burden of bringing up a statement of facts in order to show that there was no evidence to support the issues should not be imposed upon him. If there was in fact no such evidence, petitioner doubtless could have avoided the imposition of that burden by objecting in the trial court to the submission of the issues.

■ It appears from the judgment that the trial court, in determing the amount to be awarded, concluded that respondent was entitled to cumulated compensation for the loss of the use of the three fingers, treating the temporary losses of use or incapacities as cumulative rather than concurrent. (The judgment further shows that, on account of the jury's answer to special issue No. 31, the court awarded compensation only for "loss of function of one-third of plaintiff's first three fingers.") Section 12 of Article 8306, after detailed provisions for the payment of compensation for fingers, hand, foot, etc., contains the following paragraph:

"Where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

Petitioner's third point of error presents the contention that respondent can recover only for the injury that caused the longest period of incapacity (that is, that the compensation for the loss of use of the three fingers should not be cumulative as to time), because the loss of the use was only temporary. This question was properly raised by cross assignment in the Court of Civil Appeals (Dallas Electric Supply Co. v. The Branum Co., 143 Texas 366, 185 S. W. (2d) 427) but was not decided by that court. Petitioner submits that the first part of the quoted paragraph of Section 12, rather than the second part of the paragraph which follows the semi-colon, should be applied. After careful consideration of the statute and of the argument, we are convinced of the correctness of petitioner's contention. The injuries to respondent's three fingers were concurrent injuries resulting in concurrent incapacities. The jury found that as to each finger the loss of use was temporary and that the whole period of the loss of use of each finger, including both the total and partial loss, was the same, thirty-eight weeks.

Section 12 makes no express provision for measuring the compensation to be paid for the temporary loss of the use of a hand, finger or other member. The section has been construed, however, as having application to the temporary loss of use of a hand and as intending that weekly payments of compensation be made "for a period of time corresponding to the duration of such loss, at the same rate, and subject to the same time limitation, as in case of permanent loss of the use of a hand." In thus construing Section 12, as applied to temporary loss of the use of the hand, the court held that, even though the loss of use should continue for more than 150 weeks, the injured employee would be paid for no more than 150 weeks, which is the measure of compenastion for permanent loss. Fidelity Union Casualty Co. v. Munday (Com. App.) 44 S. W. (2d) 926.

The payment, contemplated by the statute, for temporary loss of use of a member of the body is in compensation for incapacity and is measured by the duration of the incapacity. When, as in the instant case, an employee suffers concurrent in-

juries, here injuries to three of his fingers, resulting in concurrent temporary incapacities and he is paid for the injury that has caused the longest period of incapacity, his compensation has been measured by, and payment has been made for, the full period of incapacity caused by the injuries. The weekly payments, if cumulated, would continue well beyong the period of the concurrent incapacities.

■ The last of the paragraph of Section 12 above quoted applies, in our opinion, to permanent loss and permanent loss of use, and not to temporary loss of use, because of the use of the words "loss or the loss of use" with no reference to temporary loss of use, and because that portion of the paragraph speaks of the loss or the loss of the use of more than one member "for which member compensation is provided in this schedule." The schedule sets out definite compensation for the loss of different members of the body, that is, payments for a specified number of weeks for the loss of each member listed in the schedule, which payments are to be made for the full number of weeks, specified, and without reference to any period of incapacity. There is no schedule of payments for temporary losses of use. Compensation for them is measured, as has been said, by the duration of the incapacity.

Since the cause will be remanded for trial, on account of the error in submitting issues numbered 23 to 29 conditionally, questions suggested by the briefs and by the record, as to the amount for which judgment should have been rendered, as to what seems to be conflict between the jury's answer to issue No. 31 and its answers to other issues, and other questions, will not be discussed. They probably will not arise on another trial.

The judgment of the Court of Civil Appeals, reversing the judgment of the district court and remanding the cause is affirmed.

Opinion delivered January 23, 1946.

Rehearing overruled February 27, 1946.