**TEXAS EMPLOYERS' INS. ASS'N v. WRIGHT.**

**No. 5721.**

Court of Civil Appeals of Texas. Amarillo.

Sept. 23, 1946.

Rehearing Denied Oct. 21, 1946.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

Scarborough, Yates & Scarborough, of Abilene, and W. H. Eyssen, of Hamlin, for appellee.

BOYCE, Justice.

This is a workman's compensation suit which the appellee, W. P. Wright, brought as plaintiff against the appellant, Texas Employers' Insurance Association, as defendant. Upon a jury verdict that appellee sustained accidental injury in the course of his employment, resulting in total and permanent incapacity for work, the trial court rendered judgment in appellee's favor against the appellant for the sum of $18 per week for a period of 400 weeks, commencing April 5, 1944.

The appellant presents seven points of error; we shall discuss them in the order we find most convenient rather than in the order of their presentation.

Appellant complains of the conditional, rather than the unconditional, submission by the trial court of the issue of temporary incapacity for work.

Special Issue No. 3, embodying the issue of temporary incapacity, is as follows:

"(a) Do you find, from the preponderance of the evidence, that such injury, if any, resulted in the plaintiff's becoming totally incapacitated for work?

"Answer Yes or No.

"If you answer subdivision (a) of this Issue 'Yes', and only in that event, you will answer:

"(b) Do you find, from the preponderance of the evidence, that such total incapacity, if any, of the plaintiff, is permanent?

"Answer Yes or No.

"If you answer subdivision (b) of this Issue 'No', and only in that event, you will answer:

"(c) What do you find, from the preponderance of the evidence, to be the length of time, if any, of such total incapacity, if any?

"Answer by stating the number of weeks, if any, found by you."

The jury answered subdivision (b) of the issue in the affirmative and did not answer subdivision (c). The appellant had pleaded the defense of temporary incapacity for work.

Each party, whether plaintiff or defendant, is entitled to the unconditional submission of the issues presented by his pleadings as grounds of recovery or grounds of defense, provided there is evidence raising the issues. Texas Employers' Ins. Ass'n v. Patterson, Tex.Sup., 192 S.W.2d 255, 257; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W.2d 268; Southern Underwriters v. Stubblefield, Tex. Civ.App., 108 S.W.2d 557, 558. The manner in which the defensive issue of temporary incapacity was submitted in subdivision (c) of Special Issue No. 3 violates the rule announced in the authorities cited and constitutes reversible error.

Another of appellant's points is that the court erred in refusing to submit its Special Issue No. 2, which inquires whether appellee's incapacity is due solely to some combination of hernia and arthritis not attributable to the accident upon which this suit is founded.

The defensive theory presented by the issue was pleaded in appellant's trial amendment. Its witness, Dr. Patton, testified that appellee was afflicted with a totally disabling hernia and a 50% disabling arthritic condition in the back. There was other testimony that the hernia was not disabling in any respect. It is undisputed that these conditions were not due to the accident involved in this suit. An issue was submitted asking whether appellee's incapacity was due solely to hernia and another asking whether the incapacity was due solely to arthritis. Both of these issues were answered in the negative. No issue involving a combination of hernia and arthritis as the sole cause of the incapacity was submitted.

A similar situation was presented in the case of Maryland Casualty Company v. Davis, Tex.Civ.App., 181 S.W.2d 107. There the employee was suffering from syphilis and silicosis. The jury found that neither of these diseases was the sole cause of his disability. The Court of Civil Appeals held that an issue inquiring whether their combined effect was the sole cause should have been submitted at the defendant's request. The holding was founded upon the rule announced in Texas Employers' Ins. Ass'n v. Patterson, supra. The appellee attempts to distinguish the case at bar from the Davis case on the facts. In his argument he assumes that Wright's hernia resulted from a prior compensable injury but no evidence to that effect is pointed out. We think the matter immaterial. A finding favorable to appellant on the issue requested would have eliminated the injury on which this suit is based as a cause of incapacity, and would thereby have defeated any recovery by appellee. The appellant was therefore entitled to a finding on the issue. Texas Employers' Ins. Ass'n v. Patterson, supra. We are of the opinion that the trial court committed reversible error in refusing to submit appellant's Special Issue No. 2.

■ Under the same point of error, appellant complains of the court's refusal to submit its Special Issue No. 5. That issue inquires whether some combination of hernia and arthritis would become the sole cause of appellee's incapacity. We fail to see the materiality of a finding on that issue in the absence of an additional finding fixing the date on which the incapacity caused solely by hernia and arthritis would commence. The submission of the issue was properly refused.

We have not found it necessary to determine whether the two points next referred to present reversible error. In view of another trial, however, we think it advisable to discuss them.

Appellant urges that the court erred in requiring its witness, Dr. Brooks, to give hearsay testimony on cross-examination with respect to his understanding of how the accident in which appellee claimed to have been injured occurred. On direct examination, Dr. Brooks testified that appellee was brought to the witness' hospital for treatment and that in response to appellee's complaints of pain in the lumbar region of his back, X-ray pictures were taken of that part of the body. There was no testimony that the appellee related the history of the injury to the witness, whose expert opinion was that the appellee's back was not hurt. On cross-examination, the witness was questioned concerning his understanding of the manner in which the accident happened. The appellant objected to the questions propounded to the witness on the ground that they sought to elicit hearsay testimony. The objections were overruled.

■ Even though great latitude is allowed in cross-examination, its scope does not extend to the introduction, by that means, of incompetent evidence. Missouri Pac. Ry. Co. v. Fagan, 72 Tex. 127, 9 S.W. 749, 752, 13 Am.St.Rep. 776, 2 L.R.A. 75; Fort Worth & D. C. Ry. Co. v. Yantis, Tex.Civ.App., 185 S.W. 969, 973, writ of error refused. Hearsay is incompetent as evidence. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628, 631. As a general rule, cross-examination calling for hearsay testimony should not be allowed. 70 C.J. 622, Section 794. The appellee contends that the evidence was admissible under the rule allowing statements to an attending physician to be repeated by the physician for the purpose of showing the basis of his opinion.

That rule is qualified to the extent that the physician's testimony, insofar as it relates to a disputed issue of the manner in which the injury occurred, is not admissible. Walker v. Great Atlantic & Pacific Tea Co., 131 Tex. 57, 112 S.W.2d 170, 172; Texas Employers' Ins. Ass'n v. Morgan, Tex.Civ.App., 187 S.W.2d 603, 606, writ of error refused for want of merit.

■ We do not think the testimony elicited comes within the exception to the hearsay rule. There was a sharp conflict in the testimony relative to how the accident happened. Appellee testified that he fell from a platform in an oil tank which he was cleaning and struck his back on an iron pipe on the bottom of the tank. Appellant's witness testified that fellow employees caught the appellee before he fell to the bottom of the tank and that he did not strike his back. Dr. Brooks did testify that he examined appellee's back in response to complaints of pain. Since the issue as to the cause of the pain was sharply disputed, the doctor should not have been required to state his understanding of how it originated.

■ Appellant assigns as error the trial court's refusal to submit to the jury its pleaded theory that a prior accident contributed to appellee's incapacity for work.

In its requested Special Issue No. 6, appellant sought to inquire of the jury whether a prior back injury of September, 1932, contributed to any existing incapacity of appellee. This defense was pleaded affirmatively in a trial amendment. The court refused to submit the requested issue. The appellee is here seeking to recover compensation for an injury to his back. There was evidence that in September, 1932, appellee had fallen to the ground from the roof of a house, a distance of 10 or 12 feet. Appellee denied that he had hurt his back in that fall but his claim before the Industrial Accident Board and his petition in a subsequent suit contained allegations of a back injury. Appellee's witness, Dr. Snow, testified that he had taken X-ray pictures of appellee's back, that the pictures showed traumatic injuries to the back but, in the doctor's opinion, they were not of recent origin. In answer to a hypothetical question, Dr. Snow stated that the injuries to appellee's back could have resulted from the kind of accident described by appellee in his testimony. On cross-examination, Dr. Snow stated that in his opinion the injury could have been caused by a fall of approximately 14 feet from the top of a house to the ground but that the fall must have occurred more recently than September, 1932, in order to cause the injury shown by the X-ray pictures.

Under the authorities already cited, the appellant was entitled to the submission of any pleaded defensive theory supported by evidence. The evidence suggests the fall from the house in September, 1932, as a possible source of appellee's disability, except for the testimony of Dr. Snow that the 1932 injury was too remote. That opinion, however, was not binding on the jury. Texas Employers' Ins. Ass'n v. Humphrey, Tex.Civ.App., 140 S.W.2d 313, 316, writ of error refused. Blackburn v. Blackburn, Tex.Civ.App., 163 S.W.2d 251, 256.

In our opinion, the issue requested was raised by the pleadings and the evidence. Appellee contends, however, that the court's failure to submit the issue is not reversible error because the issue is incomplete; that proper defensive issues under Section 12c of Article 8306, Vernon's Texas Civil Statutes, must inquire not only whether the previous injury contributes to the incapacity but if so to what extent. Affording a basis for appellee's contention are Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, writ of error refused; Traders & General Ins. Co. v. Watson, Tex. Civ.App., 131 S.W.2d 1103, 1107, writ of error dismissed; and Federal Underwriters Exchange v. Price, Tex.Civ.App., 145 S.W.2d 951, 957, writ of error dismissed. As stated above, we do not think it necessary to decide whether the trial court's refusal to submit the issue tendered constitutes reversible error. It is suggested, however, that if the pleadings and evidence on another trial raise a defense under Section 12c of Article 8306, that the issues submitting such defense include an inquiry as to the percentage of incapacity attributable solely to the subsequent injury.

Appellant also assigns as error the exclusion of copies of reports by Dr. W. F. Pickett and Dr. J. H. Dorman, certified by the Industrial Accident Board as being correct and as being copied from its records in a prior claim filed by appellee. The report of Dr. Pickett is addressed to appellee's attorney in the former claim and purports to be a "history and examination" of appellee. The body of the report covers approximately two-thirds of a page of the statement of facts. The report of Dr. Dorman is addressed to U. S. Fidelity & Guaranty Company and purports to likewise give a personal and family history of the appellee and the results of a physical examination. The body of this report covers about one and one-third pages of the statement of facts. Both reports contain statements to the effect that appellee had sprained his back.

Both reports were excluded in response to appellee's objection that they were hearsay. Appellant contends that, because on the trial of this case appellee had persistently denied that his back was injured in the September, 1932 accident, the reports were admissible for the purpose of showing that injury to the back was a subject of inquiry following the former accident. Appellant also contends that the report of Dr. Pickett is admissible as an admission by adoption on the part of appellee. We do not pass on these contentions. The reports were offered as a whole. The report of Dr. Pickett recites "Mr. W. P. Wright was injured on September 23, 1932, while in the employ of Mr. Delmar David". The Dorman report states: "Present trouble began September 23, 1932, when he fell off of house * * *." These statements are clearly hearsay and inadmissible. The trial court properly excluded the reports under the rule that when evidence is offered as a whole, some of which is inadmissible, it is not error to exclude the whole on proper objection. Texas Reciprocal Ins. Ass'n v. Stadler, 140 Tex. 96, 166 S.W.2d 121, 125.

Error is urged to the trial court's exclusion as hearsay of a certified copy of the petition in a divorce suit brought by a former wife of appellee and of a certified copy of appellee's answer in that suit. Anticipating an attack on his credibility, the appellee in the case at bar introduced in evidence two decrees adjudging him insane and ordering his commitment to an asylum. Appellee testified that these adjudications grew out of "a little too much drinking". The appellant sought to show that the insanity was of a more serious nature and for that purpose offered the wife's petition in the divorce case. The wife's petition in the divorce suit alleged a course of cruel and indecent treatment and an attempt by appellee to kill her. The wife's petition in the divorce suit was clearly hearsay and was properly excluded.

The appellee's answer in that suit was to the effect that he had been adjudged insane in 1928, that the disability had never been removed and that he had not been pronounced of sound mind at the time of the suit in November, 1934. There were in evidence orders of the County Court of Hopkins County, dated December 26, 1928, and of the County Court of Dallas County, dated April 19, 1935, adjudging appellee insane and ordering his commitment to the asylum. Appellee's answer in the divorce suit was merely cumulative of evidence already admitted and the error, if any, in excluding it was harmless.

The matters complained of in the remaining point of error will probably not arise on another trial.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for another trial.