Ernest JONES, Jr., Appellant,

v.

Carrie GREEN, Appellee.

No. 5030.

Court of Civil Appeals of Texas.

Beaumont.

May 26, 1955.

Orgain, Bell & Tucker, Beaumont, for appellant.

Carl Waldman, A. W. Dycus, Beaumont, for appellee.

WALKER, Justice.

The plaintiff, Carrie Green, was injured in a collision between the automobile in which she was riding as a passenger, and which she owned, and an automobile driven by the defendant Ernest W. Jones, Jr., and she brought this suit to recover damages for her injuries and the damage done to her car. Her cause of action was based on negligence, and the defendant named was alleged to be the servant of another defendant, to wit, Ernest W. Jones, Sr. Plaintiff alleged that the collision occurred at a street intersection. The cause was tried to a jury, and the trial court instructed the jury to return a verdict in behalf of the alleged master. However, special issues pertaining to matters at issue between plaintiff and the defendant driver of the car which collided with plaintiff's car were submitted to the jury, and the jury found that said defendant was negligent in certain respects, each a proximate cause of the injuries in suit, namely, (1–2) in driving his automobile at an excessive rate of speed, (5–6) in failing to keep a proper lookout, and further, (7) that plaintiff's automobile entered the intersection before that of said defendant's, (8) that said defendant failed to yield the right of way to plaintiff, and (9–10)

that this conduct was negligent and a proximate cause of the collision. Consistently with these latter findings, the jury also refused to find from a preponderance of the evidence (11) that the two automobiles entered the intersection at approximately the same time, and (20) that on the occasion in question the driver of plaintiff's car, Percy Green, failed to stop the vehicle he was driving before driving into the intersection. The jury acquitted the driver of plaintiff's car of negligence in various respects, namely, they refused to find from a preponderance of the evidence (14) that immediately before the collision Percy Green failed to keep a proper lookout, and (18) that on the occasion in question Percy Green was driving at an excessive speed; but under Issues 23 to 25, inclusive, the jury found that he was negligent in driving plaintiff's car after he had been drinking intoxicating beverages, and that this conduct was a proximate cause of the collision. As regards plaintiff herself, the jury found (16) that she did not keep a proper lookout, but (17) refused to find from a preponderance of the evidence that this was a proximate cause of her injuries. However, under Issues 26 to 28, inclusive, they found that plaintiff was negligent in riding with Percy Green, knowing that he had been drinking intoxicating beverages, and that this negligence was a proximate cause of her injuries. They found further (29) that the collision was not the result of an unavoidable accident. They (30) assessed plaintiff's damages for personal injuries at $2,000, (31) found her medical and hospital expenses to be $600, and (32) assessed the damages to her car at $550.

The trial court rendered judgment denying plaintiff any relief against the alleged master, and from this part of the judgment the plaintiff has not appealed.

The defendant Ernest W. Jones, Jr., filed a motion for judgment on the verdict, but the trial court overruled this motion and as between the plaintiff and said defendant, without setting aside the verdict, disregarded the findings made to Issues 23 to 25, inclusive, concerning the negligence of Percy Green in driving plaintiff's car after he had

been drinking intoxicating beverages, and also disregarded the findings to Issues 26 to 28, inclusive, concerning plaintiff's negligence in riding with this driver, knowing that he had been drinking intoxicating beverages, and rendered judgment on the rest of the verdict in behalf of plaintiff against said defendant Ernest W. Jones, Jr., for $3,050.

From this judgment the defendant Ernest W. Jones, Jr., took this appeal.

No statement of facts has been filed.

### Opinion.

Appellant's only contention is that he was entitled to judgment on the verdict. The appellee argues that the findings disregarded were evidentiary only and so immaterial, and it may be inferred that the trial court so concluded, for neither the verdict nor any of the findings were set aside, and the judgment does not purport to be based on a motion notwithstanding findings made pursuant to T.R. 301, and no such motion is in the transcript.

Of course, if the issues disregarded are not evidentiary and are material, the trial court, without such a motion, could not disregard these findings on the ground that they were not supported by the evidence, and, there being no statement of facts on file, neither can we, and we will have to treat these findings and the rest of the verdict as established facts and as authorized by the evidence. See Texas Employers Ins. Ass'n v. Patterson, 144 Tex. 573, 192 S.W.2d 255, at page 258; McDonald's Texas Civil Practice, Sec. 17.28, 17.31; 3A Tex.Jur. 617 (Sec. 480); 3B Tex.Jur. 360 (Sec. 907), N.12 et seq.; p. 370 (Secs. 911, 912); p. 386 (Sec. 916).

However, the real question to be decided pertains to the interpretation of the findings disregarded and to the trial court's power to make findings on questions of fact not specifically submitted to the jury.

The pleading to which the issues disregarded should be referred is the allegation in appellant's amended answer, that the driver of plaintiff's car "was on said occasion under the influence of intoxicating beverages and was not competent to safely and properly operate and control said vehicle—all of which was known to (plaintiff) or in the exercise of ordinary care she should have known of his condition and inability to safely drive said vehicle. Nevertheless the said (plaintiff) rode in said vehicle and authorized and directed the said Percy Green to drive the same * * *."

We hold that these allegations, in the absence of exceptions thereto, stated a defense in bar of the suit against appellant. In substance, appellant pleads a breach of Art. 802, P.C., Vernon's Ann. P.C. art. 802, in the form it had at the time of the collision as alleged by plaintiff. See Peveto v. Smith, Tex.Civ.App., 113 S.W.2d 216; Id., 134 Tex. 308, 133 S.W.2d 572, followed in Flanigan v. Texas & Pacific Ry. Co., Tex.Civ.App., 273 S.W.2d 110, at page 115; Schiller v. Rice, 151 Tex. 116, 246 S.W.2d 607; Sargent v. Williams, 152 Tex. 413, 258 S.W.2d 787; Western Cotton Oil Co. v. Mayes, Tex.Civ.App., 245 S.W.2d 280, (mo. reh.) at page 287; Galveston-Houston Breweries v. Naylor, Tex.Civ.App., 249 S.W.2d 262, (mo. reh.) at page 267; 60 C.J.S., Motor Vehicles, § 202 g, p. 547, note 19 et seq.; 61 C.J.S., Motor Vehicles, §§ 492, 516 b(2), 526 l, pp. 118, 250, 523; 5 Am.Jur. 774 (Sec. 483).

We will first consider the meaning to be given the disregarded issues pertaining to Percy Green and, to this end, restate the material parts of these issues, as follows:

"Issue 23: Do you find—that on the occasion in question Percy Green had been drinking intoxicating beverages? *Answer:* Yes."

"Issue 24: Do you find—that it was negligence for said Percy Green to drive said vehicle after he had been drinking intoxicating beverages? *Answer:* Yes."

"Issue 25: Do you find—that the operation of said vehicle by Percy Green after he had been drinking

intoxicating beverages—was a proximate cause of the accident in question? *Answer:* Yes."

■ We hold that Issue 23 is to be regarded as a material issue. For it may have been a question for the jury, whether Percy Green had drunk any intoxicating beverages at all, and Issue 23 would be a proper issue in such a case. There being no statement of facts on file and the issue having been submitted and not set aside we must, as we have stated, deal with said Issue 23 as if it were raised by the evidence and must deal with the finding thereto as if it were supported by the evidence. In consequence, Issue 23 is to be regarded as material to the defense alleged in the quotation made from appellant's answer and so regarded, it is supported by the allegations quoted. It simply appears to be the first and basic issue in the series necessary to establish the particular defense as regards Percy Green's conduct.

The next issue in the series would seem to be one inquiring whether Percy Green was so under the influence of intoxicating beverages at the particular time that he could not safely operate the plaintiff's car, and this question was not specifically submitted. However, this question was necessarily involved in Issues 24 and 25, inquiring as to negligence and proximate cause, and the findings to these issues necessarily includes a finding in appellant's favor on this question. The finding under Issue 24 is that Percy Green was negligent in driving the plaintiff's car after he had been drinking intoxicating beverages. "Negligence" was defined, in part, in the charge as meaning "the doing of that which an ordinarily prudent person would not have done under the same or similar circumstances." If Percy Green was doing what a prudent person would not have done under the circumstances, it must have been because of his condition. That is, the jury must have believed that Percy Green's drinking had so affected him as to require that he stop driving the plaintiff's car; and this is more directly shown by the finding under Issue 25 that the operation of the

plaintiff's car by Percy Green after he had been drinking intoxicating beverages was a proximate cause of the collision. "Proximate cause" was defined in the charge, too, and in the customary way, as not only a *cause* but also a *foreseeable* cause. The definition reads in part as: "—that cause, which in natural and continuous sequence, unbroken by any new and independent cause, produces the event or happening in question and without which such event or happening would not have occurred; and the act or omission in question only becomes a proximate cause of an event or happening when such event or happening is the natural and probable consequence of such act or omission and is such a consequence as ought to have been foreseen by a reasonably prudent person in the exercise of ordinary care in the light of attending circumstances."

Doubtless Issues 23, 24 and 25 are not a proper submission of the appellant's defense as regards Percy Green's conduct but the parties have acquiesced in this method, and these issues submitted at least a part of the defense.

■ It sometimes is possible for the trial court to make a finding on a question of fact which is one of a series required to establish a defense but which is not directly submitted to the jury. See T.R. 279. And on appeal, a finding consistent with the judgment rendered might be implied. However, a finding by the trial court can not be implied which would be inconsistent with findings actually made by the jury. North v. Atlas Brick Co., Tex.Com. App., 13 S.W.2d 59; Russell v. Industrial Transp. Co., 113 Tex. 441, at page 456, 251 S.W. 1034, 258 S.W. 462, at page 466, 51 A.L.R. 1. And if we imply a finding in favor of the judgment on the question as to Percy Green's condition from drinking intoxicating beverages, it will conflict with the findings under Issues 24 and 25 concerning Percy Green's negligence and its causal effect, as we interpret those findings.

■ The disregarded special issues and findings pertaining to plaintiff are to be

given the same interpretation, with the same consequences. Thus Issue 26 should not be regarded as evidentiary. This issue inquired whether plaintiff knew that her driver had been drinking intoxicating beverages, and it would have been proper if plaintiff simply denied that she did know this. For reasons already stated, we will assume that the state of the evidence justified the submission of the issue. It appears, as in the case of Issue 23, to be the first issue in a series necessary to establish plaintiff's contributory negligence in riding with Percy Green and so has support in the pleadings.

■ The next issue in this series would seem to be one or more inquiring whether plaintiff knew, or should have known, that Percy Green's drinking had so affected his capacity to drive the car as to make it unsafe for her to ride with him as a passenger, and such an issue, or issues, were not specifically submitted. However, as in the case of Issues 24 and 25 (referring to Percy Green) we think that this question, or questions, were involved in Issues 27 and 28 and in the findings thereto. Reading Issue 27 with the definition of "negligence", the jury found under Issue 27, in substance, that in riding with Percy Green when she knew that he had been drinking intoxicating beverages, she was doing something that a prudent person would not have done under the circumstances, and under Issue 28, reading this issue with the definition of proximate cause, they found that this conduct was a *cause,* and also a *foreseeable cause,* of her injuries. Such findings charge the plaintiff with knowledge of the condition of Percy Green which the jury had impliedly found to exist in their answers to Issues 24 and 25, and with knowledge that this condition made it unsafe for her to ride with Percy Green as a passenger. Issues 26, 27 and 28 are not a correct submission of the defense of contributory negligence on the part of the plaintiff, but these issues were at least a partial submission of that defense, and the parties have acquiesced in this submission.

For reasons previously stated, the trial court was not authorized to make an implied finding on the question, or questions, not specifically submitted.

■ To summarize, the allegations quoted from appellant's answer stated a defense in bar of plaintiff's suit against appellant, and this defense was not waived but was, instead, submitted in most part. All issues submitted must be regarded on this record as material. The questions not specifically submitted were necessarily involved in special issues and definitions which actually were submitted, and so were answered by the jury in response to those issues, and the trial court did not have power to make findings on these questions. Therefore, the appellant's defense was made out by the verdict, and a judgment in appellant's favor should have been rendered on the verdict.

One thing further, the questions not specifically submitted, which we have held to be included in the special issues disregarded, are not necessarily included in findings to other issues. Evidently the jury believed that Percy Green could have avoided the collision had his ability to drive not been affected by his drinking, and there is nothing in the verdict which is inconsistent with such an assumption by us.

Under T.R. 324, the plaintiff, that is, the appellee, has the right to file cross-assignments other than such as support the judgment, but she has not done this and we can, therefore, now proceed to final judgment.

The judgment of the trial court is reversed, and judgment is rendered in behalf of appellant Ernest W. Jones, Jr., against the plaintiff Carrie Green, that said plaintiff take nothing.