TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

Tom HOLLINGSHEAD, Appellee.

No. 3185.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1955.

Rehearing Denied Oct. 7, 1955.

McMahon, Springer, Smart & Walter, Abilene, for appellant.

Caldwell, Baker & Jordan, Williams & Akin, Dallas, for appellee.

COLLINGS, Justice.

This is a workman's compensation case. Tom Hollingshead brought suit against Texas Employers' Insurance Association seeking compensation for injuries sustained by him while in the scope of his employment for G. C. McBride Company. He alleged various injuries of a general nature by reason of which he claimed to be totally and permanently disabled to perform labor. He also alleged specific injuries to his right and left legs which he claimed had resulted in the total loss of use of both legs. The case was tried before a jury and based upon its findings judgment was entered awarding Hollingshead compensation in the sum of $5,327.65. Texas Employers' Insurance Association has appealed.

It was found by the jury that appellee Hollingshead's injuries causing incapacity

to labor were confined to his legs and that the loss of use of his legs was temporary; that he suffered injuries to his right leg which resulted in loss of its use for 100 weeks; that he suffered injuries to his left leg which resulted in the loss of use of that leg for 100 weeks and a partial loss of use to the extent of twenty per cent for an additional 150 weeks. The judgment cumulated, or added together, the total number of weeks of loss of use suffered to both legs as found by the jury and granted compensation therefor.

In several points appellant contends that since the loss of use of both legs was not permanent, but temporary, there was only one incapacity caused by concurrent injuries, and that the court erred in cumulating or adding together and giving compensation for the total number of weeks of loss of use of both legs. Article 8306, § 12, V.A.T.C.S. enumerates specific injuries to certain parts or members of the body, provides compensation for the loss, or loss of use thereof, and among other things provides as follows:

"Where the employé sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity; but this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member, for which member compensation is provided in this schedule, compensation for specific injuries under this law shall be cumulative as to time and not concurrent."

█ The pleadings and evidence show that the injuries to appellee's legs were concurrent injuries. By the terms of the above statute appellee was entitled to receive compensation only for the injury which produced the longest period of incapacity. The injury to appellee's left leg which produced 100 weeks "loss of the use" and twenty per cent partial "loss of the use" for 150 weeks was temporary and was a longer period of incapacity than the 100 weeks "loss of the use" of his right

leg. He was therefore entitled to receive compensation only for the incapacity caused by the injury to his left leg, and the court erred in allowing compensation for the injury to his right leg.

We cannot agree with appellee's contention that the determination of this case is controlled by the latter portion of the above quoted statute which provides that "this section shall not affect liability for the concurrent loss or the loss of the use thereof of more than one member * * *." Any question concerning this matter is resolved by our Supreme Court in the case of Texas Employers' Insurance Association v. Patterson, 144 Tex. 573, 192 S.W.2d 255, 259. The following language of the opinion by Judge Smedley is applicable:

"The payment, contemplated by the statute, for temporary loss of use of a member of the body is compensation for incapacity and is measured by the duration of the incapacity. When, as in the instant case, an employee suffers concurrent injuries, here injuries to three of his fingers, resulting in concurrent temporary incapacities and he is paid for the injury that has caused the longest period of incapacity, his compensation has been measured by, and payment has been made for, the full period of incapacity caused by the injuries. The weekly payments, if cumulated, would continue well beyond the period of the concurrent incapacities.

"The last part of the paragraph of Section 12 above quoted applies, in our opinion, to permanent loss and permanent loss of use, and not to temporary loss of use, because of the use of the words 'loss or the loss of the use' with no reference to temporary loss of use, and because that portion of the paragraph speaks of the loss or the loss of the use of more than one member 'for which member compensation is provided in this schedule.' The schedule sets out definite compensation for the loss of different members of the body, that is, payments for a specified

number of weeks for the loss of each member listed in the schedule, which payments are to be made for the full number of weeks specified, and without reference to any period of incapacity. There is no schedule of payments for temporary losses of use. Compensation for them is measured, as has been said, by the duration of the incapacity."

Appellee also contends that the judgment should be upheld because the injuries to his legs were in effect permanent and not temporary. The basis of this contention is the jury finding that he suffered 100 weeks loss of use and 150 weeks twenty percent partial loss of use to his left leg, or a total of 250 weeks total and partial loss of use of such member and the statutory provision allowing compensation for only 200 weeks loss of use of a leg. Appellee urges that since the combined period of total and partial loss of use of his left leg was longer than the period for which compensation is allowed by the statute that the incapacity was therefore in effect a permanent loss of use of the member. This contention is likewise untenible under the holding in Texas Employers' Insurance Association v. Patterson, supra. In that case the jury found that as to each of the three fingers for which compensation was claimed the loss of use was temporary and that the whole period of loss of use of each finger including both total and partial loss of use was 38 weeks. Under the statute the maximum compensation period for two of the fingers was respectively 30 and 21 weeks, or less than the 38 week period of loss of use as found by the jury. There, as here, the period of loss of use to a particular member as found by the jury exceeded the period for which compensation was allowed by the statute. Under such facts the court there held that the loss of use of each of the fingers was temporary.

The judgment of the trial court is therefore reversed and rendered as to that portion granting appellee compensation of $25 per week for 100 weeks loss of use of his right leg. In all other respects the judgment is affirmed.