## TRADERS & GENERAL INS. CO. v. SHANKS.

### No. 3246.

Court of Civil Appeals of Texas. El Paso. May 23, 1935.

Rehearing Denied June 13, 1935.

Collins & Fairchild, of Lufkin, R. O. Kenley, Jr., of Longview, and Lightfoot & Robertson, of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by the appellee, Shanks, to recover compensation under the Workmen's Compensation Act. It is undisputed he received serious injuries while in the course of his employment. He recovered judgment awarding lump-sum settlement for total permanent incapacity.

■ Questions 2 and 3 submitted the issues of total and permanent incapacity. The issue of partial incapacity was submitted conditional upon the findings in answer to questions 2 and 3. Affirmative answers having been made to questions 2 and 3, the question relating to partial incapacity and questions supplementary thereto were not answered.

The appellant's pleadings and evidence raise the issue of partial incapacity. Error is assigned to the failure to affirmatively and unconditionally submit such defensive issue as requested in appellant's written exceptions to the court's charge.

The same question is raised in Traders & General Insurance Co. v. Babb, 83 S.W.(2d) 778, this day decided by this court. In that case the appellant's contention was overruled for the reasons stated in the opinion. In the present case the defendant's evidence upon the issue of partial incapacity raises a main defensive issue in rebuttal of plaintiff's claim of total permanent incapacity for general injuries. The defendant's evidence upon the issue is not plainly based upon the assumption that the injury was confined to a specific member as was the situation in the Babb Case.

In the state of the evidence in this case, the following authorities sustain the view that the conditional submission of the issue of partial incapacity deprived appellant of an affirmative submission of such defense: Traders' & General Ins. Co. v. Forrest (Tex. Civ. App.) 78 S.W.(2d) 987; Indemnity Ins. Co. v. Boland (Tex. Civ. App.) 31 S.W.(2d) 518; Texas E. Ins. Ass'n v. Kelly (Tex. Civ. App.) 71 S.W.(2d) 901; Texas Ind. Ins. Co. v. Allison (Tex. Civ. App.) 75 S.W.(2d) 999; Texas E. Ins. Ass'n v. Horn (Tex. Civ. App.) 75 S.W.(2d) 301; Indemnity Ins. Co. v. Sterling (Tex. Civ. App.) 51 S.W.(2d) 788.

Due consideration has been given the able brief filed by counsel for appellee in support of the view that the conditional submission of the issue was not improper. Cases are cited which are not in harmony with the rulings in the above cases. As was remarked by Chief Justice Gallagher in Traders' & General Ins. Co. v. Forrest, supra, it would be difficult to reconcile the cases and we shall not attempt to do so.

■ The Supreme Court is firmly committed to the view that the defendant is entitled to a direct submission of a defensive issue raised by the pleading and evidence, which right cannot be defeated by findings upon other issues which indirectly negative a finding in the defendant's favor upon such defensive issue. Greer v. Thaman (Tex. Com. App.) 55 S.W.(2d) 519, and cases there cited.

In deference to the authorities cited, the assignment presented by appellant is sustained.

Since the judgment must be affirmed for that reason, it is unnecessary to consider the assignment relating to the overruling of the motion for continuance.

Reversed and remanded.