TEXAS INDEMNITY INSURANCE COMPANY V. NELSON THIBODEAUX.

No. 6916. Decided June 23, 1937.
(106 S. W., 2d Series, 268.)

*Thomas R. Freeman,* of Dallas, and *Orgain, Carroll & Bell,* of Beaumont, for appellant.

Appellant has the right to have an affirmative submission of the defensive issues on the question of partial incapacity irrespective of how the jury may have answered the issue as to total incapacity. Indemnity Ins. Co. v. Boland, 31 S. W. (2d) 518; Traders & Gen. Ins. Co. v. Shanks, 83 S. W. (2d) 781; Commercial Standard Ins. Co. v. Noack, 62 S. W. (2d) 72.

*Howth, Adams & Hart,* of Beaumont, for appellee.

Since the finding of permanent total incapacity negatives the issue of temporary or partial incapacity, the conditional submission of the latter issue was sufficient. Traders & Gen. Ins. Co. v. Wright, 95 S. W. (2d) 753; Texas Emp. Ins. Assn. v. McNorton, 92 S. W. (2d) 562; Traders & Gen. Ins. Co. v. Forrest, 78 S. W. (2d) 987.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

This is a Texas Workmen's Compensation case, which reached this Court on certified questions.

Issues of both total and partial incapacity were supported by the pleadings and evidence. Total incapacity was submitted by issues 1, 2 and 3; No. 3 being as follows:

"Do you find, from the preponderance of the evidence, that such total incapacity of Nelson Thibodeaux to work and earn money, if any, is permanent?

"Answer Yes or No, as you find the facts to be."

Immediately after the issue just quoted is the following language, which furnishes the basis for the present controversy:

"If you have answered Special Issue No. 3 'yes,' then you will not answer the following Special Issues Nos. 4, 5, 6, 7, and 8, but if you have answered Special Issue No. 3 'no,' then you will answer said special issues Nos. 4, 5, 6, and 7."

Partial incapacity and appropriate corollary issues were submitted as special issues 4, 5, 6, 7, and 8, and are those referred to in the last quoted language. Special issue 3 was answered "Yes," and issues 4, 5, 6, 7, and 8, relating to partial incapacity, remained unanswered. Judgment was entered for the compensation claimant. It was contended that the conditional submission of partial incapacity quoted above deprived the defendant in the trial court of an affirmative submission of such defense. The Court of Civil Appeals propounds the following two questions:

"Question No. One. Did appellant, Texas Indemnity Insurance Company, have the right to a submission of Questions 5, 6, 7, and 8, and to a jury answer thereto, independent and irrespective of whatever answer the jury might give to Questions 1, 2, and 3; in other words, was the following charge:

" 'If you have answered Special Issue No. 3 'Yes,' then you will not answer the following Special Issues Nos. 4, 5, 6, 7, and 8, but if you have answered Special Issue No. 3 'No,' then you will answer said Special Issues Nos. 4, 5, 6, and 7.'

"A prejudicial limitation upon the rights of the defendant in the submission of Questions 5, 6, 7 and 8?"

"Question No. Two. If you have answered Question No. One in the affirmative, then, in view of the record as certified by this certificate, did the 'prejudicial limitation upon the rights of the defendant in the submission of Questions 5, 6, 7, and 8' constitute reversible error?"

There are conflicting decisions upon the questions propounded. The reasoning in some of the opinions holding the view that partial incapacity need not be submitted except conditionally, is that its unconditional submission would "tempt the jury to render conflicting answers," and that a finding of "total excludes the idea of partial incapacity." Our view may be more convincingly and quickly shown by the obvious answers, which we think must be made to the following questions: Doesn't an affirmative finding of negligence as a ground of recovery conflict with and exclude the idea of unavoidable accident? How could there coexist legal negligence as a basis of recovery and "new and independent cause" as a defense at one and the same time? Because these conflict, is it the law that such defensive issues may not be unconditionally given? What complete defense is there that doesn't conflict with the cause of action pleaded? Doesn't proof of the commission of an unlawful homicide precisely contradict evidence of self defense? Isn't it practically

self evident that the same reasoning which justifies the conditional submission of partial incapacity when properly raised, would if followed to its logical conclusion, result in the rule of conditional submission of every defensive issue, which contradicts the cause of action pleaded? The present case differs from the ordinary cases just mentioned in the rather unique fact that partial incapacity ordinarily is both an offensive (if we may properly use such term) and a defensive issue—that is, both the plaintiff and defendant may insist upon its submission, the former as a basis of recovery and the latter as a ground of defense.

This may present a difficult problem for the trial judge, but obviously furnishes no reason for ignoring the well established rule that the defendant is entitled to an affirmative submission of all defensive issues raised by the pleadings and evidence. To illustrate a fact case in which it seems obvious that an unconditional submission of partial incapacity as a defense would be required: A sues B, a compensation insurer, alleging total incapacity. B defends alone on partial incapacity, admitting an injury, but claiming same did not result in total permanent incapacity. With the issue solely of whether there is total or partial incapacity, the former as a basis of recovery, the latter as a defense, would we expect any judicial tribunal to ignore the only defense relied on, justifying such position with the reasoning that a submission of total incapacity for the plaintiff made it unnecessary to submit partial incapacity as defense, lest the submission of the latter might lead to conflicting findings? We think not. The present question, shorn of its complications, is not essentially different from the last one mentioned.

We answer both questions propounded, "Yes." We recognize that all controversies respecting this perplexing question are not solved by this opinion, but none other than those discussed are before us in this case.

Cases which pointedly support our conclusion herein are: Traders and General Ins. Co. v. Shanks, (writ refused) 83 S. W. (2) 781, and numerous authorities there collated.

Opinion adopted by the Supreme Court June 23, 1937.