## UNITED EMPLOYERS CASUALTY CO. v. THORNTON.

No. 3881.

Court of Civil Appeals of Texas. Beaumont.

April 29, 1941.

Rehearing Denied June 4, 1941.

Will R. Saunders and W. E. Johnson, both of Dallas, for appellant.

E. J. McLeroy, of Center, and Collins, Williams & Garrison, of Lufkin, for appellee.

WALKER, Chief Justice.

This is a workmen's compensation case, with appellee, John Calvin Thornton, the employee, appellant, United Employers Casualty Company, the compensation insurance carrier, and O. B. Siler, the alleged employer. On trial to a jury of appellee's appeal from the final award of the Industrial Accident Board to the district court of Shelby County, he was awarded judgment in the lump sum of $3079.80 for total permanent disability, from which appellant has duly perfected its appeal.

We give appellant's first proposition: "The Court committed reversible error in the trial of this case in submitting the issue of partial incapacity conditionally, because the defendant was entitled to the unconditional submission of that issue irrespective of how any other issue had been answered." This proposition has support in the following exception to the court's charge: "The defendant further objects to the submission of Special Issue No. 12 in that it is a conditional submission of the issue of partial incapacity, and said issue ought to be unconditionally submitted, irrespective of how the jury has answered Special Issues numbers 7 or 8."

The special issues upon which appellant rests his first proposition were as follows:

"Special Issue No. 7. Do you find from a preponderance of the evidence that the plaintiff sustained total incapacity as a natural result from such injury?

"Answer 'Yes' or 'No'.

"Answer: Yes.

"If you have answered Special Issue No. 7 'Yes', but in such event only, you will answer:

"Special Issue No. 8. When do you find from a preponderance of the evidence such total incapacity of plaintiff began?

"Answer by stating the date, if any, you find.

"Answer: Dec. 8th, 1939.

* * *

"If you have answered either Special Issue No. 7 or 8 'No', but in such event only, you will answer:

"Special Issue No. 12. Do you find from a preponderance of the evidence plaintiff has sustained or will sustain a partial incapacity as a natural result of the injury, if any, sustained by him December 8, 1939?

"Answer 'Yes' or 'No'.

"Answer: ———."

The evidence clearly raised the issue of "partial incapacity" as against appellee's claim of "total incapacity." Under our authorities, question No. 12 was a conditional submission of "partial incapacity." Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W. 2d 314, 315; Traders & General Ins. Co. v. Shanks, Tex.Civ. App., 83 S.W.2d 781; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Tex. 655, 106 S.W. 2d 268.

It is no answer to appellant's first proposition to say that special issues Nos. 10 and 10-A:

"Special Issue No. 10. If you have found that plaintiff suffered any total incapacity from the alleged injury of Dec. 8th, 1939, do you find from a preponderance of the evidence that he has recovered therefrom?

"Answer 'Yes' or 'No'.

"Answer: No.

"Special Issue No. 10-A. If you have found that plaintiff suffered any total inca-

pacity from the alleged injury of December 8, 1939, do you find from a preponderance of the evidence that he will recover therefrom?

"Answer 'Yes' or 'No'.

"Answer: No."

—were submitted by the court in the language of the appellant. Special issues Nos. 10 and 10–A submitted the issue of "temporary, total incapacity" as against appellee's claim of "total, permanent incapacity."

■ Dr. A. E. Sweatland examined appellee one time, not for the purpose of treating him but only for the purpose of testifying in this case as to his physical condition. On another trial his expert testimony should not be based to any extent upon appellee's subjective symptoms given to him by appellee on this examination. Traders & Gen. Ins. Co. v. Chancellor, Tex.Civ.App., 105 S.W.2d 720; Republic Underwriters v. Lewis, Tex.Civ.App., 106 S.W.2d 1113; Texas Employers' Ins. Ass'n v. Wallace, Tex.Civ.App., 70 S.W.2d 832; Texas & N. O. Ry. Co. v. Stephens, Tex.Civ.App., 198 S.W. 396; Traders & Gen. Ins. Co. v. Rhodabarger, Tex.Civ.App., 93 S.W.2d 1180; Gaines v. Stewart, Tex.Civ.App., 57 S.W.2d 207; Traders & Gen. Ins. Co. v. Wright, Tex. Civ.App., 95 S.W.2d 753, 758.

■ On another trial, if the evidence raises the issue that appellee was "an independent contractor," the issue should be so framed as to place upon him the burden of establishing that he was not an independent contractor. Nobles v. Texas Indemnity Ins. Co., Tex.Com.App., 12 S.W. 2d 199.

Appellee's counsel has filed with us a letter in this case from which we quote: "We will not be at the submission of this case for oral argument. The appellant has been placed in the hands of a receiver, and has * * * been hopelessly insolvent for sometime. Since there is no supersedeas bond in the case we concluded we had better save the cost attendance on the Court. Would you mind advising the Judges why we will not be present." This letter tells a tragic story, not new, but an old story of the administration of our Workmen's Compensation Law. Vernon's Ann.Civ.St. art. 8306 et seq. A roll call of the insolvent compensation insurance carriers and of their innocent victims—broken men and women, and helpless widows and orphans— since the enactment of this law would con-stitute a challenge to safeguard the rights of its beneficiaries. No more sacred fund —our Workmen's Compensation Fund, made up of the premiums paid by our employers—was ever taken in trust by the State.

On the error assigned by appellant's first proposition, the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.