FEDERAL UNDERWRITERS EXCHANGE V. R. L. LYNCH.

No. 7990. Decided February 3, 1943.
Rehearing overruled March 10, 1943.
(168 S. W., 2d Series, 653.)

*Ramsey and Ramsey,* of San Augustine, *B. L. Collins,* of Lufkin, *Lightfoot, Robertson & Gano,* of Fort Worth, for petitioners.

*Charles McMillan,* of San Augustine, *Joe J. Fisher,* of Jasper, *Musselwhite & Fenley,* of Lufkin, for respondent.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This is a workman's compensation case. A trial court judgment for respondent, R. L. Lynch, based on jury answers to special issues, was affirmed by the Court of Civil Appeals at Beaumont in an opinion not published.

All errors assigned by the petitioner, Federal Underwriters Exchange, grow out of its objections to the court's charge. The case was tried before the effective date of our present rules of civil procedure, therefore the questions raised must be concidered in the light of the principles then applicable. Rule 814, Texas Rules of Civil Procedure.

Lynch alleged total, permanent incapacity resulting from general injury. He claimed also a specific injury to his right leg resulting in total and permanent loss of its use. Petitioner's answer on the merits consisted of a general denial and special, affirmative defenses, among which was that if Lynch suffered any injury it was confined to his right leg, loss of use of which was only partial and only temporary.

In its eight point of error petitioner complains of an alleged conditional submission of special issues 32 and 33 and related special issues 34 to 38, both inclusive, of the court's charge. We find no such objection was made in the trial court except as to special issue 33, which inquired whether Lynch "has sustained or will sustain a partial loss of the use of his right leg as a natural result of said injury, if any." The preliminary instruction given by the trial court in connection with special issue 33 was to answer it only in the event either special issue 26 or 28 was answered "No." Special issue 26 asked whether Lynch sustained a total loss of use of his right leg. Petitioner's exception was that "the preliminary instruction immediately preceding special issue 33 constitutes a conditional submission of such defensive theory and the defendant is entitled to have the same unconditionally submitted." The subject matter of special issue 33 was not embraced in any other issue unconditionally submitted in the charge.

■ It is apparent that special issue 26 was a submission of part of plaintiff's alternative allegation that he had suffered a *total* loss of use of his right leg. It is likewise apparent that special issue 33 was a submission of petitioner's specially pleaded defense that such loss, if any, was only *partial*. Clearly the jury's consideration of the latter issue was expressly conditioned on its answer to the former. That manner of submission is expressly condemned in numerous decisions of this Court, notably, Commercial Standard Ins. Co. v. Davis (Civ. App.), 135 S. W. (2d) 794 (er. dism., cor. judgt., 134 Texas, 487, 137 S. W. (2d) 1) ; Texas Indemnity Ins. Co. v. Thibo-

deaux, 129 Texas 655, 106 S. W. (2d) 268; Wright v. Traders & General Ins. Co., 132 Texas, 172, 123 S. W. (2d) 314; Traders & General Ins. Co. v. Shanks (Civ. App.), 83 S. W. (2d) 781 (er. ref.); Greer v. Thaman et al (Com. App.), 55 S. W. (2d) 519. For the reasons stated in those cases, this cause must be reversed and remanded. No good purpose would be served by further discussion.

■ We do not agree with the Court of Civil Appeals that the proposition discussed was not sufficiently presented there. The portion of the charge embracing special issues 32 to 38, inclusive, and the instructions preliminary to each is quoted in the brief filed in that court, immediately following which it is said, "The defendant objected to these issues on the ground that the preliminary instructions immediately preceding each of such issues constitutes a conditional submission of such defensive issues, and the defendant is entitled to have same unconditionally submitted." Then follows a reference to page 63 of the transcript, where there appears the exception to special issue No. 33 as quoted above; then comes a reference to page 73 of the transcript, where it is recited that the objection was timely presented to the trial judge in writing and by him overruled, to which the defendant excepted; finally, the brief recites that on pages 126 and 127 of the transcript it is shown that the point was assigned in its amended motion for a new trial and overruled. We think this sufficiently called the error to the attention of the court below. Southern Underwriters v. Samanie, 137 Texas, 531, 155 S. W. (2d) 359. See Rule 418, Texas Rules of Civil Procedure.

It is unnecessary to consider the other points of error assigned, as the matters therein complained of may not arise in another trial.

The judgments of both courts below are reversed and the cause is remanded to the district court for a new trial.

Opinion adopted by the Supreme Court February 3, 1943.

Rehearing overruled March 10, 1943.