# Everett C. Stone v. Texas Employers' Insurance Association

No. A-4690. Decided November 10, 1954
Rehearing overruled December 22, 1954.
(273 S.W. 2d Series 59)

*Jones, Brian & Jones* and *C. T. Brian*, of Marshall, for petitioner.

The Court of Civil Appeals erred in holding that the trial court should have unconditionally submitted an issue inquiring whether plaintiff will not sustain partial incapacity which was only a negative submission, and in holding that it was error to condition an issue of partial incapacity on a finding by the jury of some number of weeks of admitted total incapacity. Associated Indmn. Corp. v. McGrew, 138 Texas 583, 160 S.W. 2d 912; Wright v. Traders & Gen. Ins. Co., 132 Texas 172, 123 S.W. 2d 314; Consolidated Underwriters v. Lee, 107 S.W. 2d 482, error dismissed.

*McMahon, Springer, Smart & Walter* and *John P. Camp*, all of Abilene, for respondent.

In response cited Southern Underwriters v. Wheeler, Com. App., 132 Texas 350, 123 S.W. 2d 340; Texas Emp. Ins. Ass'n. v. Cloud, 120 S.W. 2d 903, error dismissed; Traders & Gen. Ins. Co. v. Patton, 92 S.W. 2d 1083, error dismissed.

MR. JUSTICE CULVER delivered the opinion of the Court.

The judgment of the trial court awarding petitioner, Stone, workmen's compensation for total and permanent disability has been reversed and remanded by the Court of Civil Appeals (with dissent) for refusal of the trial judge to submit unconditionally the issue of partial incapacity. 266 S.W. 2d 902.

The following issues among others were submitted:

1. "Do you find from a preponderance of the evidence the total incapacity of Everett C. Stone will be 'permanent' or 'temporary'?

"If you have answered the foregoing question 'temporary' then answer the following question, otherwise do not answer the same.

2. "How many weeks do you find from a preponderance of the evidence such total incapacity will last?

"If you have answered Special Issue No. 1 'temporary' and have then answered Special Issue No. 2 by giving any number of weeks, answer the following question: otherwise do not answer the same.

3. "Do you find from a preponderance of the evidence that

plaintiff will suffer any partial incapacity, following the end of the number of weeks found by you in answer to Special Issue No. 2?"

The jury having answered No. 1 that the total incapacity was permanent, did not answer Nos. 2 and 3.

The respondent plead as follows: "If the plaintiff sustained any incapacity, which is denied, such incapacity was temporary as distinguished from permanent" and "if the plaintiff sustained any incapacity, which is denied, such incapacity was partial as distinguished from total." It is admitted that the petitioner was totally incapacitated at the time of the trial and had been continuously since the date of his injury. The court, assuming that fact, submitted in the disjunctive the issue as to whether the total disability was permanent or temporary. Thus the issue of temporary total incapacity was in effect submitted unconditionally. Obviously, there could not exist any partial incapacity unless the total incapacity was temporary.

Many cases support the general proposition that "partial incapacity" is an affirmative defense to "total incapacity," and that the insurer is entitled to an unconditional submission of the issue of "partial incapacity" if raised by the evidence and pleadings. Traders & General Insurance Company v. Shanks, Texas Civ. App., 83 S.W. 2d 781, wr. of er. ref.; Texas Indemnity Ins. Co. v. Thibodeaux, 129 Texas 655, 106 S.W. 2d 268; Texas Employers Ins. Ass'n. v. Phillips et al, 130 Texas 182, 107 S.W. 2d 991; Wright v. Traders & General Ins. Co., 132 Texas 172, 123 S.W. 2d 314; United Employers Casualty Co. v. Thornton, Texas Civ. App. 151 S.W. 2d 920, wr. of er. ref.; Federal Underwriters Exchange v. Lynch, 140 Texas 516, 168 S.W. 2d 653; Southern Underwriters v. Samanie, 137 Texas 531, 155 S.W. 2d 359, and Southern Underwriters v. Wheeler, 132 Texas 350, 123 S.W. 2d 340.

All of these cases were decided prior to the adoption of the present rules of civil procedure. In the latest one, Federal Underwriters against Lynch, the court observes:

"* * * The case was tried before the effective date of our present rules of civil procedure, therefore the questions raised must be considered in the light of the principles then applicable."

These rules are to be given liberal construction to the end that litigation may be conducted impartially and expeditiously resolved. Rule 1, T.R.C.P. In the adoption of Rules 277 and 279

the object was to simplify the submission of cases to the jury under our special issue practice and to avoid much duplication and confusion that theretofore existed. Thus in Rule 277 a disjunctive form of submission is approved for two inconsistent issues where one or the other is necessarily true. In Rule 279 it is provided that "where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

■ In none of the cases cited above and relied on by the respondent is the question presented exactly as it is in this case. In most of the charges condemned the issues are substantially in this form: "Do you find from a preponderance of the evidence that the total incapacity of plaintiff, if any, is permanent?" followed by the instruction that if the issue is answered "yes" the issue as to partial incapacity is not to be answered. In this case the jury was asked in the disjunctive form whether the total disability is permanent or temporary, which was, in accordance with the rules, an unconditional submission of the issue as to temporary incapacity.

No objection was leveled to the form of Special Issue No. 3 other than that it should have been submitted unconditionally and that it improperly placed the burden of proof. Assuming that the court had omitted the instruction which immediately followed Issue No. 2 would not the form of the question be interpreted by the jury that there could be no partial incapacity if the admitted total incapacity was permanent and not temporary. Then how could the respondent have been injured by the instruction which necessarily must be read into the question itself?

■ The controlling issue in this case is whether or not the total incapacity is permanent or temporary. If permanent, the case is ended. If temporary, then the jury must proceed to determine the extent and duration of partial incapacity, if any. Human experience indicates that where there is temporary total incapacity resulting from trauma there will usually follow a period of partial disability. But the jury might find to the contrary. Be that as it may, a plea of "partial incapacity" is not a defense to "permanent total incapacity." The defense to that issue is that it is "temporary." If the jury had answered that the total incapacity was temporary the burden would be on plaintiff to prove that partial incapacity existed after the period of total incapacity as well as the extent thereof. Under the

pleadings and the evidence in this case the court correctly submitted the issue of partial incapacity conditioned upon the answer to the disjunctive issue as to whether the total incapacity was permanent or temporary.

We do not necessarily overrule the decisions in the cases referred to above. There are situations which may require an unconditional submission. For instance, in Federal Underwriters v. Lynch, supra, the issue made by the pleadings and the evidence was whether or not Lynch had sustained a total or partial loss of the use of his right leg.

Respondent in its brief says that its contention was that the total incapacity was not permanent and was followed by a period of partial incapacity. It argues that the manner of submission deprived it of that defense and there was afforded no opportunity to present its theory of the case to the jury. On the contrary, any testimony offered to prove partial incapacity bore directly on the defense that the total disability was a temporary condition and not permanent. To say that the "period of total incapacity was followed by a period of partial incapacity" adds nothing to the defense that the total incapacity was temporary. Before the jury could be interrogated as to whether or not there was partial incapacity the defendant should secure an affirmative answer to his affirmative defensive issue that it is temporary.

The only issue requested by the defendant was "Do you find from a preponderance of the evidence that the plaintiff will not suffer any partial incapacity." This issue was not limited as to time and did not confine the jury to a consideration of a period after the total incapacity had ceased. At best it would be only confusing and, regardless of how answered, would not afford any basis for judgment.

The tendency to simplify our special issue practice is a mark of progress toward the promotion and speedy disposition of litigation, particularly in this kind of a case where the award is to be made in lieu of wages lost by injury. Certainly confusion should be eliminated where the substantial right of the defendant to have his defense fairly submitted to the jury is not infringed.

The judgment of the Court of Civil Appeals is reversed and rendered and that of the trial court is affirmed.

Justice Walker not sitting.

Opinion delivered November 10, 1954.

MR. JUSTICE WILSON concurring.

I concur with the majority judgment but agree with the statement in the dissent that precedents requiring a positive and negative submission of the same factual issue should be overruled.

Opinion delivered November 10, 1955.

MR. JUSTICE GARWOOD dissenting.

The following views were heretofore submitted by the writer in the form of a proposed opinion of the Court and were rejected in favor of the present Court opinion; hence this dissent. It is submitted that the Court has, for motives of greater simplicity, mistakenly applied the law, leaving it actually more complicated than before.

The Thibodeaux case and others mentioned in the Court's opinion say flatly that the employer is entitled to an unconditional submission of his defense of partial incapacity, even as other decisions hold with reference to the defense of temporary disability. Here the insurer pleaded the former defense and supported its plea with evidence. By objection to the charge and by tendering an unconditional issue on partial incapacity, it squarely presented its contention to the trial court and was overruled. The claimant had a judgment for total and permanent disability compensation, but the insurer got no unconditional submission of its defense. Yet it is said that the Thibodeaux line of cases is not overruled. And despite this latter assertion, is is further insisted that the Rules of Civil Procedure have made a great change since the Thibodeaux case, the present decision being one by way of progress toward simplicity and speed in this kind of litigation.

Now I think this is more confusing than simply to overrule the Thibodeaux line of decisions and say clearly what counsel for the claimant here mainly argued for, to wit, that, for reasons of logic and simplicity, we have done away with submitting as defenses the contrary of the main issues submitted for the claimant. Thus, where there is submitted, "Is the disability total?" we would not also submit for the defendant, unless conditionally upon the answer to the "total" issue, "Is the disability partial?" As stated, the insurer here got no independent

submission of his defense of "partial," which the Thibodeaux line of cases says it was entitled to, and the only difference between the present case and the others is that in the latter the issue, "Is the disability total?" was first submitted, whereas here it was not (for the reason that the claimant was admittedly disabled totally at the time of the trial). This difference seems at best but a thin distinction and at worst scarcely a difference. The disability at the moment of trial is no more important than that of a moment before, or a month before, or a week after, the trial. And yet the court's judgment must rest on this one difference if the Thibodeaux line of cases is not in fact overruled, because that difference is the only one that actually exists. Let us assume the old decisions to stand. The fact is that in numberless compensation cases there is at least some period of admitted total disability following the accident but before the trial. Doubtless this was so even in the Thibodeaux case. In those instances we will surely not submit (along the lines of the present case) "Is the *heretofore* total disability permanent or temporary?" So we will, perforce, continue to allow independent, unconditional submission of the defense of "partial," as in the Thibodeaux case, except where the disability is total at the time of trial. I submit that this is the result, if we are *not* overruling the Thibodeaux case, and that to allow the independent submission of "partial" in the one instance, while denying it in the other, is to add just one more fine (and unprofitable) distinction to an already overintricate area of procedure. On the other hand to overrule clearly the Thibodeaux line of decisions will at least not add confusion, and, as I am not loath to admit, may serve some little purpose of logic and simplicity.

But I still stand on my original view that if the law under the existing decisions now seems too "technical" to us or perhaps even uncomplimentary to the jury's intelligence, a far better avenue of change lies in frank major surgery under the more or less legislative process of the Rules than in the old-fashioned "nibble away" process of decision. The latter may be an accepted judicial "face saver," but it certainly contributes more to that end than it does to clarity.

But, after all, logic and simplicity are by no means the mainspring of the law, nor did or could the Rules of Civil Procedure make it otherwise. Law is mainly policy. For example, there is no greater motive of logic or clarity behind our practice of special verdicts. The latter, if we are frank about it, is in large part a policy recognition of the natural weaknesses of twelve average laymen as a tribunal of justice. And who knows but

what similar policy reasons lie behind our long established practice of making "affirmative" defenses out of many things besides the classical examples thereof, such as accord and satisfaction or limitations, and accordingly allowing defendants their unconditional submission of issues that are essentially but the contrary of the plaintiff's issues? Not for nothing was it that in this very case we heard counsel for the claimant arguing powerfully for greater logic and simplicity, while counsel for the insurer exalted *stare decisis* and the old order.

Nothing in Rule 277 or elsewhere in the Rules of Civil Procedure comes near compelling the conclusion reached by the Court. The cautious permission to "submit in one question whether the injured employee was permanently or only temporarily disabled" (note the not altogether logical "only"!) or a corresponding question of "totally or only partially disabled," is certainly no suggestion, in the present case, to combine both total-partial and permanent-temporary in one allegedly controlling issue and with that excuse to deny the insurer his erstwhile unconditional submission of "partial." To say that the issue submitted is the controlling issue simply assumes the Court's side of the very matter in dispute. Why did we not say in the Thibodeaux case that the submission of "total" *vel non* was the controlling issue and thus overrule the insurer's demand for independent submission of "partial?" And since the only difference from the cited case is that here the claimant happened to be still entirely disabled at the time of trial, are we hereafter to say, in the many similar cases to arise, that the controlling issue is "Is the total disability which the claimant admittedly suffered *last week* permanent or only temporary?"

And where does the "new look" lead us as a precedent of more general application? Not for nothing did the old bogey of "Inevitable Accident" crop out in the argument. If we admit to overruling the Thibodeaux case on grounds of logic, will not the same logic require us to decide that an independent submission of "Inevitable Accident" is no longer the defendant's right? I think so, although we have thus far studiously refrained from taking that step by judicial decision. If we are to be logical, why not be consistently so? Why stop even with "Inevitable Accident," unless for reasons of policy?

The Court observes that the submitted issue of whether the admitted "total" was "permanent or temporary" was doubtless quite clear to the jury in its implications. That, too, assumes the very conclusion in dispute. No doubt most judges would

understand that they were really deciding whether a presently totally disabled man was totally disabled for the purposes of an award and totally disabled for good or only for a time. But I suggest that to a judge the effect of the "'total" submission in the Thibodeaux case would equally clearly have included a finding on whether the disability was partial. The whole policy background of special verdicts is that judges or lawyers look at and understand things quite differently than does a jury.

It is said, too, that the defense of "partial" is no defense to "total-permanent." What then was the insurer to do here? Should he have asked an issue combining "partial and temporary" or "partial or temporary" or requested separate issues on "partial" and "temporary" or by what other refined technique should it have poceeded? Conceivably it might have injected the word "duplicitous" into its objection to the first issue of the actual charge, but that issue probably was not duplicitous, since the claimant was totally disabled at the time. It simply was worded so as to deprive the insurer of its traditional right of independent submission of "partial" by giving an appearance of submitting "total or partial" in the alternative form of Rule 277 and at the same time an appearance of an issue on "permanent or temporary." If there be any valid reason for the Thibodeaux rule in the first place, Issue No. 1 as submitted did not cut off the right to independent submission of "partial" for the insurer. In fact an answer to the "total" issue in the Thibodeaux case more clearly included a finding on "partial" than did an answer to Issue No. 1 in the instant case. If we apply the Rules to put too great a burden on the lawyers about the precise character of their objections to charges, we are likely to make the Rules more a source of than a refuge from "technicalities."

Since I think the cited authorities cannot validly be distinguished and ought not be overruled, unless through amendment of the Rules, I believe the judgment of the Court of Civil Appeals was right in the instant case and should have been affirmed.

Opinion delivered November 10, 1954.