**WESTERN FIRE & INDEMNITY COMPANY, Appellant,**

v.

**Betty EVANS et vir, Appellees.**

**No. 7409.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 26, 1964.

Rehearing Denied Nov. 30, 1964.

See also Tex.Civ.App., 368 S.W.2d 114.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Wagonseller & Cobb, Sam Brown, Lubbock, for appellees.

DENTON, Chief Justice.

This is a workmen's compensation case. Western Fire & Indemnity Company has appealed from a judgment based on a jury verdict finding Betty Evans totally and permanently incapacitated. Betty Evans, a nurse's aide employed by the Methodist Hospital in Lubbock, Texas, alleged an injury to her low back while lifting a patient on April 10, 1961. She further alleged an aggravation of her condition in the same employment on July 9 of that year.

Appellant's first point of error complains of the refusal of the trial court to submit its requested special issue inquiring if Mrs. Evans' incapacity had not been caused solely by conditions unrelated to her hospital employment. This defense was properly pleaded. Thus, the court is required to submit this affirmative defense when there is evidence raising such issue. Rules 277 and 279, Texas Rules of Civil Procedure. The only evidence in the record offering to show any condition which may have caused appellee's disability other than the injuries sustained in the course of her employment was certain testimony of Dr. Porres. The doctor, testifying from his records, had treated appellee in January, 1961 for abdominal pain in her "right lower region, and again somewhat into her lower abdomen" and some nausea. He next saw her on April 11, 1961, the day after the appellee's alleged injury. Dr. Porres testified appellee did not tell him of her April 10 injury on that occasion. His records show her "main complaint at that

time was pain in the coccyx off and on for six months radiating through her left buttock, was pain on the left side of neck and shoulders between the shoulder blades, indigestion all the time, burning of the epigastrium all the time, chest is better but still coughs up dark mucus." Neither Dr. Porres nor the other two medical witnesses testified that appellee's incapacity was caused solely by her condition as found by Dr. Porres in his January, 1961 examination. In fact, the low back injury was confirmed by Dr. Ivan Mayfield who treated appellee for this condition. We conclude the evidence was not sufficient to require the submission of the requested issue.

■ Appellant's second point of error asserts there was error in appellee's closing jury argument when he called on appellant's attorney to explain why he had not called Dr. Loveless as a witness and challenged appellant to explain such omission. Appellant's counsel made no objection at the time the argument was made, but at the conclusion of appellee's attorney's argument, he attempted to give an explanation. When he began his remarks, to-wit: "Just this one thing, the argument that we went shopping for a specialist, number one, I think that when I checked with Dr. Loveless's office * * *." Appellee's objection that it was "hearsay telephone conversation" was in effect sustained by the trial court. No exception was taken and the matter was ended. This court held in the first trial of this case in Tex.Civ. App., 368 S.W.2d 114 the appellee's attorney had the right to comment on appellant's failure to call Dr. Loveless as a witness. The facts concerning the relationship between appellant and Dr. Loveless in the present case are identical to those in the first trial. The episode at the close of the argument does not alter our view that the argument complained of presents no reversible error. Tex-Jersey Oil Corp. v. Beck, 157 Tex. 541, 305 S.W.2d 162, 68 A.L.R.2d 1062; Rodman Supply Co. v. Jones (Tex. Civ.App.), 370 S.W.2d 951.

■ Appellant's points three through seven complain of the admission of testimony by Doctors Porres, Smith, and Mayfield, in response to various hypothetical questions propounded by appellee's attorney on cross-examination. Two questions directed to Dr. Porres relating to the permanency of appellee's condition were based on hypothetical assumptions. Objection was made that the questions were based on facts not in evidence. A review of the testimony shows the relevant symptoms included in the questions were testified to by the appellee and later by Dr. Mayfield. Two questions propounded to Dr. Smith related to treatment of patients with back injuries by administering injections for relief and their effects on the patients. These questions were clearly invited by previous testimony by Dr. Smith on direct examination when he testified he had suggested "an injection of different points at the limbosacral level where the asymmetry was present might be helpful in localizing the point of pain and trouble." These questions were clearly within the realm of proper examination.

■ Appellant further contends error was committed by the admission of Dr. Mayfield's testimony concerning appellee's condition when such testimony was based on a hypothetical question which was prefaced by the following definition:

> "Total incapacity as used under the workmen's compensation law, means the person who is disqualified or unable to perform the usual tasks of a workman to such an extent that he or she cannot procure and retain employment."

This question was limited to information acquired by Dr. Mayfield during his examination of appellee. We are of the opinion the question was proper and is not subject to the objection it was an invasion of the province of the jury. Federal Underwriters Exchange v. Cost, 132 Tex. 299, 123 S.W.2d 332. The question included a substantially correct definition of total dis-

ability under the Texas Workmen's Compensation Act. Trinity Universal Ins. Co. v. Scott (Tex.Civ.App.), 342 S.W.2d 348 (Refused, NRE).

■ Appellant's points of error eight through twenty deal with the admission of portions of the testimony of appellee, her husband, Dr. Smith, Dr. Mayfield, and the forms of questions propounded by appellee's attorney. A discussion of each point would unduly lengthen this opinion. One of counsel's questions objected to was never answered and it was withdrawn; other alleged objectionable testimony included appellee's statement that the doctor and hospital bills had not been paid; that appellant had not paid appellee any weekly compensation; that to get in or out of a hospital "you practically have to sign your life away"; testimony of appellee's husband that on the night of her injury appellee had told him she had hurt her back while working; and that appellee could not afford medical treatment for her eight-year-old son. In considering these and other evidence objected to we find nothing in the record which presents reversible error. Some of the evidence was undoubtedly immaterial and irrelevant, but we can not say the evidence complained of was calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, T. R.C.P.

■ Appellant's points of error twenty-one through twenty-eight contend the trial court erred in the submission of certain special issues and instructions. Special Issue No. Six inquired if "such total incapacity, if any, is permanent or temporary". This issue was conditionally submitted, and the jury found in response to Special Issue No. Four that appellee had sustained total incapacity. This method of submission is not subject to appellant's objection the issue assumes a disputed fact, and as such, an improper comment by the court. Stone v. Texas Employers' Ins. Ass'n., 154 Tex. 21, 273 S.W.2d 59. Special Issue No. Twelve inquired of the difference between appellee's average weekly wages before her injury, if any, and her average weekly wage earning capacity during the existence of such partial incapacity, if any. It is appellant's contention the issue assumed appellee was injured. The jury found appellee did not suffer partial incapacity but total incapacity, and the jury did not answer issue No. Twelve. In view of the jury finding appellant's contention is without merit. Texas Employers' Ins. Ass'n. v. Price (Tex.Civ.App.), 336 S.W.2d 304; Texas General Indemnity Co. v. Bridwell (Tex.Civ.App.), 304 S.W.2d 131 (Refused). Objection was also made to the court's definition of "total incapacity". The definition as given is as follows:

" 'Total incapacity' as used in this charge, does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman to such an extent that he is unable to procure and retain employment is ordinarily regarded as being totally incapacitated or totally disabled."

It is appellant's contention this definition fails to advise the jury that appellee must suffer loss of wage earning capacity; and it fails to inform the jury that it is not necessary that appellee be able to return to the same kind of work prior to the injury, and one is not disabled if he can obtain and retain employment suited to his condition and experience. The definition as given is not subject to these objections. It is the standard definition of that term and has been approved many times by the Supreme Court and Courts of Civil Appeals. Texas Employers' Ins. Ass'n. v. Mallard, 143 Tex. 77, 182 S.W.2d 1000; Texas Employers' Ins. Ass'n. v. Logsdon (Tex.Civ.App.), 278 S.W.2d 893 (Refused, NRE); Texas Employers' Ins. Ass'n. v. King (Tex.Civ.App.), 346 S.W.2d 380 (Refused, NRE). Other objections were made to the charge but they present no new or novel questions. A discussion of them would further unduly lengthen this opin-

ion. All points have been considered, and all points not specifically discussed are overruled. The judgment of the trial court is affirmed.

Affirmed.