**INTERNATIONAL INSURANCE COMPANY, Appellant,**

v.

**Aurora F. ARCHULETA, Appellee.**

No. 7084.

Court of Appeals of Texas, El Paso.

July 28, 1982.

Rehearing Denied Aug. 25, 1982.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, George W. Finger, L. Randall Lee, Dennis L. Richard, El Paso, for appellant.

Malcolm McGregor, Philip T. Cole, El Paso, for appellee.

## OPINION

WARD, Justice.

This appeal is from a judgment based upon a jury verdict awarding permanent partial benefits in a worker's compensation case. Because of the failure of the pleadings to raise the issue of partial incapacity, we reverse and remand for a new trial.

Aurora Archuleta was working in the restaurant at the El Paso Auto-Truck Stop on August 10, 1977, when she slipped in some water and fell with her right knee folded underneath her. The restaurant manager, Georgia Underwood, heard her scream, saw her on the floor, and testified Mrs. Archuleta only complained about hurting her right knee. Mrs. Archuleta continued to work regularly until November, 1977, when she was hospitalized with complaints of pain in her back. She had some arthritic problems prior to this accident. A doctor who examined her in July, 1978, diagnosed her condition as a compression fracture at the twelfth dorsal vertebra. The jury found that she sustained a 75% reduction in her average weekly earning capacity which was permanent. It found that she sustained no total incapacity.

Appellant's first four points of error assert for differing reasons that it was error to permit Appellee to seek and recover partial incapacity benefits. Since Appellee, by pleading "to recover $77.00 per week for 401 weeks," sought the maximum allowed by law and did not plead in the alternative for any recovery for less than total and permanent benefits, Appellant asserts there is no pleading to support the entry of a judgment for permanent partial benefits. He relies on Rule 301, Tex.R.Civ.P., and the cases which hold that total and partial incapacity cannot exist at the same time and that a finding of one such condition excludes a finding of the other. Counsel for the compensation carrier objected to the series of issues on partial incapacity " * * * for the reason that there are no pleadings of any kind seeking recovery for partial incapacity. There being no pleadings, there is no support for the submission to the jury."

This issue must be resolved under the holding in *Select Insurance Company v. Boucher*, 561 S.W.2d 474 (Tex.1978). The opinion in that case pointed out that "Thomas Boucher sought workmen's compensation solely under the theory of total incapacity. Select Insurance Company pleaded partial incapacity as a defense." The same type pleading exists in our case. Mrs. Archuleta pleaded for total incapacity benefits and International Insurance Company alleged her incapacity was partial. In *Boucher*, the Supreme Court said:

In the case at bar the trial court was not presented with two alternate grounds of recovery. The only ground of recovery was presented by the plaintiff Boucher, and that ground was total incapacity.

The court then reasoned that the issues requested by the carrier as to partial incapacity were inferential rebuttal issues which are prohibited by Rule 277, Tex.R. Civ.P. Following that decision, this Court held in *Texas Employers' Insurance Association v. Marsh*, 567 S.W.2d 832 (Tex.Civ. App.—El Paso 1978, no writ), that unanswered special issues inquiring as to partial incapacity should not have been submitted in that case where the worker pleaded only total and permanent incapacity.

There are numerous older cases which have said that in a compensation case an

employee having pleaded total disability could, if the evidence raised it, recover for partial disability without the necessity of having specially pleaded partial disability. *Southern Underwriters v. Boswell,* 138 Tex. 255, 158 S.W.2d 280 (1942); *Texas General Indemnity Company v. Savell,* 348 S.W.2d 202 (Tex.Civ.App.—San Antonio 1961, no writ). Those cases do not make mention of the requirement in Rule 301 that the judgment must conform to the pleadings, and were all decided before the holding in *Boucher* that a pleading of total incapacity presents only one theory of recovery and not the alternate theories of both total and partial incapacity.

The effect of the *Boucher* decision is discussed in Nations, "Pitfalls in Pleading a Workers' Compensation Case for the Claimant", 19 S.Tex.L.J. 415 at 425 and 426 (1978), where the author says:

> In cases where a general injury may have caused both total and partial incapacity, the attorneys must be cognizant of the significance of pleading these incapacities alternatively. The Texas Supreme Court decision in *Select Insurance Co. v. Boucher* is illustrative. * * * The clear effect of this holding is that a special issue as to partial incapacity may not be submitted to the jury unless presented as an alternative ground of relief in the injured *worker's* petition.
>
> If there is any possibility of any degree of partial incapacity, the well advised claimant's attorneys should plead and prove alternatively for total and partial incapacity.

■ Since Rule 277, Tex.R.Civ.P., requires the trial court to " * * * submit the cause upon special issues controlling the disposition of the case that are raised by the written pleadings * * * " and in this case there are no alternative pleadings for partial incapacity, it was error for the trial court to submit the special issues inquiring about the claimant's partial incapacity over the Appellant's objection. Further, without such proper pleadings it was error to enter judgment based upon such findings. Rule 301, Tex.R.Civ.P. We sustain Appellant's Points of Error One and Two.

■ In view of the necessity for a new trial, we note briefly other issues which may arise upon another trial. We conclude that proof of notice of a specific injury may be sufficient to permit a claimant to recover for a general injury. *Texas Indemnity Ins. Co. v. Bridges,* 52 S.W.2d 1075 (Tex.Civ.App.—Eastland 1932, writ ref'd). But depending on the proof, the issue of notice may be one for the jury. We also conclude that Appellee can offer Appellant's admission that she said at a given time and place that she was ready, willing and able to work. That testimony goes to the heart of the issue concerning her incapacity and her ability to obtain and retain employment.

The judgment of the trial court is reversed and the case is remanded for a new trial.

## ON MOTION FOR REHEARING

Both parties have filed motions for rehearing. We first consider the claimant's motion.

The argument is made that her pleading for total and permanent benefits authorized the submission of the lesser amounts for partial and permanent benefits. She also asserts she can recover on the basis of the Appellant's pleading that her incapacity, if any, "is not total and permanent but was and is partial and temporary." Argument is also made that we have misconstrued the holding in *Select Insurance Company v. Boucher,* 561 S.W.2d 474 (Tex.1978). But, such argument does not touch our quote from that opinion to the effect that a pleading for total incapacity does not include the alternate ground of partial incapacity.

In this case, the claimant's pleadings sought recovery only for total and permanent benefits. She does not contend otherwise. Her pleadings for 401 weeks can only be for total and permanent incapacity. Article 8306, Section 10(b), Tex.Rev.Civ.Stat. The maximum period for partial incapacity is only 300 weeks. Article 8306, Section 11, Tex.Rev.Civ.Stat. Although the carrier pled after a general denial that the incapac-

ity, if any, was not total and permanent but only partial and temporary, it never pleaded that any partial incapacity was permanent. The duration of any partial incapacity as being permanent was not pled by either party, and such issue should not have been submitted and the judgment based upon the jury's answer to Special Issue 4B has no support in the pleadings. *Texas Employers' Ins. Ass'n v. Tate,* 214 S.W.2d 877 (Tex.Civ. App.—Fort Worth 1948, writ ref'd n.r.e.); *Employers' Reinsurance Corporation v. Brantley,* 173 S.W.2d 233 (Tex.Civ.App.— Texarkana 1943, writ ref'd).

The Texas Supreme Court in *Stone v. Texas Employers' Insurance Association,* 154 Tex. 21, 273 S.W.2d 59 (1954), recognized that "partial incapacity" is not a defense to a claim of "permanent total incapacity." The court said the defense to that issue is that the total incapacity is "temporary." Thus, the court in our case should not have submitted the partial incapacity because, as noted in the objection to the issue, there was no pleading to support the issue. Also, as noted in the *Stone* case, it was not a defensive issue. And under the present rules, it could not be submitted as an inferential rebuttal issue. *Select Insurance Company v. Boucher, supra; Texas Employers' Insurance Association v. Marsh,* 567 S.W.2d 832 (Tex.Civ.App.—El Paso 1978, no writ). *See:* Borland, Disjunctive Submission of Inferential Rebuttal Issues, 33 Baylor L.Rev. 147 (1981); Wallenstein, A Special Issue Quandary—Submitting "Partial Incapacity" in Workmen's Compensation, 21 Sw.L.J. 513 (1967).

In *Burns v. Union Standard Insurance Company,* 593 S.W.2d 309 (Tex.1980), the court recognized that there was no dispute concerning the fact that the claimant was injured on the job and did sustain some disability. In fact, compensation benefits were paid for about six months. Thus, the jury was faced with deciding if such admitted disability resulted from a general or a specific injury. Obviously, it was one or the other. In such case, disjunctive issues are proper. As the court said in the *Stone* opinion " * * * a disjunctive form of submission is approved for two inconsistent

issues where one or the other is necessarily true." But in our case, a disjunctive issue would not have been proper concerning whether any incapacity was permanent or partial. One or the other was not necessarily true. There was never any acknowledgment of any disability by the carrier, and the claimant did, in fact, continue to work after her fall. All of Appellee's points have been considered and they are all overruled.

The Appellant asserts in its motion for rehearing that the judgment of the trial court should be reversed and judgment rendered that Appellee take nothing. We believe that in the interest of justice the case should be remanded for a new trial. The Appellant's points have been considered and are overruled.